GENERAL BONDING & CASUALTY INS. CO. v. CITY OF DALLAS et al.
(No. 7324.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1915. Rehearing Denied May 1, 1915.)

1. MECHANICS' LIENS &⟶13—PROPERTY SUBJECT—PUBLIC PROPERTY.

Materialmen and laborers cannot fix a lien upon public works for money due them for materials furnished and labor performed in the construction of such works.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 14, 15; Dec. Dig. &⟶13.]

2. MUNICIPAL CORPORATIONS &⟶374 — IMPROVEMENTS—PERFORMANCE BY SURETY OF CONSTRUCTION CONTRACT — ASSUMPTION OF LIABILITY FOR MATERIALS.

Plaintiff was surety for one who had contracted to build a dam for defendant city. Upon default of its principal plaintiff contracted with the city to complete the work, being authorized by the contract to use tools and materials already employed by the original contractor, provided that it, in using said tools, etc., should do so subject to all valid claims against the same, and provided further that in no event should the city be liable on any claims for materials or tools, but that plaintiff fully assumed the whole liability for all claims of any nature that might be legally asserted against the city. The persons furnishing tools complied with the statutory prerequisite of notice to the city of their claims, which were paid by the city, and the amount deducted from the total payment made to plaintiff upon completion of the work. Held, that plaintiff had no claim either against the city or materialmen for the amount; since under its contract it was ultimately liable for the price of such tools and materials.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. &⟶374.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the General Bonding & Casualty Insurance Company against the city of Dallas and others. Judgment for defendants and plaintiff appeals. Affirmed.

T. L. Camp and J. J. Collins, both of Dallas, for appellant. Meador, Davis, Johnson & Golden, Calloway & Mathis, H. C. Coke, A. B. Lacy, Victor Hexter, and Etheridge, McCormick & Bromberg, all of Dallas, for appellees.

RAINEY, C. J. We take from appellant's brief the following statement of the case viz.:

"Appellant, as plaintiff below, brought this suit against the city of Dallas, the Jones Lumber Company, a corporation, C. C. Moore, doing business under the name of the Coppell Lumber Company, Crane Company, a corporation, Sanger Bros., a partnership, Texas Portland Cement Company, a corporation, and J. C. Norvell, for the sum of $811.59.

"Appellant's petition alleges that it is a general bonding and casualty insurance company, incorporated under the laws of the state of Texas; that on or about the 9th day of March, 1912, it entered into a written contract with the city of Dallas to construct a certain concrete dam across the bed of a branch of the Trinity river, commonly known as Elm fork, near the town of Carrollton, in Dallas county, Tex., for the purpose of impounding the waters of said river for the city of Dallas, to be used as a part of its waterworks system; that the appellant constructed the said dam in accordance with said contract and plans and specifications, and the same was duly accepted by the city of Dallas; that the city of Dallas agreed to pay the sum of $27,899.35 for same; and that the said city has paid to appellant the sum of $27,087.76, leaving a balance of $811.59, which sum said city of Dallas refuses to pay, and assigns as a reason therefor that the other defendants hereinabove mentioned have filed claims with the city for material furnished in the construction of said dam to one M. S. Hasie, Jr., for which this defendant is liable.

"Appellant's petition further alleges that prior to the time of entering into the contract of March 9, 1912, aforesaid, that one M. S. Hasie, Jr., had entered into a contract with the city to construct said dam; that this defendant was and became surety on the bond of the said M. S. Hasie, Jr., together with its cosureties, for the construction of the said dam; that the said M. S. Hasie, Jr., proceeded for a short time with the construction of the said dam, and thereupon abandoned the said contract, and the city of Dallas, acting under the said original contract, took charge of the said work, canceled the said contract, and turned the same over to this appellant to complete the said work; that this appellant, as surety, did complete the said work, and carried out the said contract in accordance with its original terms, and did so at a loss to this appellant of about $4,000; that the other above named defendants asserted certain liens and claims against the funds in the hands of the city of Dallas on account of material furnished by them to the said M. S. Hasie, Jr., prior to his abandonment of his said contract; that such claims amount to the sum herein sued for by appellant, and for this reason the city of Dallas refused to pay this appellant said sum.

"The city of Dallas answered that on the 5th day of February, 1912, it entered into a contract with one M. S. Hasie, Jr., for the construction of said concrete dam, and that on said day, this appellant, with its cosureties, executed a bond in the sum of $12,000 to it, conditioned for the faithful performance and completion of said contract by the said M. S. Hasie, Jr.; that thereafter, on the 27th day of March, 1912, the said M. S. Hasie, Jr., declared that he was unable to carry out the terms of the said contract, and to construct the said dam, and that this appellant and its cosureties, as such, requested that they be permitted to carry out the work so contracted by the said M. S. Hasie, Jr.; that the city of Dallas entered into a contract with this appellant to carry out the terms of the said original contract; that the contract price for the construction of the said dam amounted to the sum of $27,741.09; that the city of Dallas has paid to this appellant $26,929.50, leaving an unpaid balance of $811.59; that prior to the completion of said dam the other named defendants herein filed with the city of Dallas, under the terms and provisions of section 21 of article 14 of the city charter, their respective claims for material furnished to the said M. S. Hasie, Jr., for the construction of the said dam, which claims amount to the said sum of $811.59; that on account of such claims the city of Dallas tendered into court the said amount of money, and asked that the same be apportioned according to the persons entitled thereto, and asked the court to determine the

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rights of the respective parties; that each of the above-named defendants answered and set up their respective claims, and claimed the prior right in and to said sum of money so deposited into court, in accordance with the provisions of said city charter, viz., section 21 of article 14, as well as on account of the fact that this defendant was surety on the contract of the said Hasie, and, as such surety, was bound to pay said claims.

"The trial was had before the court without a jury, and the court, after hearing the testimony, rendered judgment in favor of the above-named claimants in and to said fund in accordance with their claims."

From this judgment appellant appealed.

The evidence shows:

That the "plaintiff contracted with the city of Dallas to build a certain dam for the agreed price of $27,899.35; that the plaintiff constructed the dam in accordance with the contract, and the city has paid over to the plaintiff all of said sum of money, save and except the sum of $811.59; that prior to the time the plaintiff entered into the contract for the construction of said dam, one M. S. Hasie, Jr., had entered into a contract with the city of Dallas to construct said dam, and had done work and furnished material for the construction of said dam of the value of more than $2,083.00 and that the following named defendants had furnished material to said Hasie for said purpose, each in the amount set opposite the name of said defendant, to wit:

| | |
|---|---|
| Crane Company | $ 91 69 |
| Sanger Bros. | 109 60 |
| Coppell Lumber Company | 323 27 |
| Jones Lumber Company | 73 03 |
| Texas Portland Cement Company | 190 00 |
| J. C. Norvell | 24 00 |

—and that all of said material was used in the construction of said dam, some by M. S. Hasie, Jr., and some by the plaintiff after it undertook the construction of said dam, and that the said M. S. Hasie, Jr., has not, nor has any one else, paid the defendants the amount above mentioned which I find to be due and owing to them for the said material. Said defendants who furnished material gave notice to the city of Dallas under article 14, section 21, of the charter of the city of Dallas, which is as follows: 'No lien of any kind can ever exist against the public school buildings, public halls, parks, or public works of the city of Dallas. All subcontractors, materialmen, mechanics and laborers upon any public works of the city of Dallas are hereby required to notify the city of Dallas of all claims they may have on account of such work against the city, and when such notice has been given, the city shall retain an amount from any funds due the contractors, sufficient to satisfy all claims; provided, that such notice may be given at any time after such indebtedness becomes due and before final settlement; and provided further, that no contractor or subcontractor shall issue any time checks on or on account of any public works of said city.' "

After Hasie abandoned the contract, and the city canceled the contract with him and took over the work, the city entered into a new contract with the appellant to complete the work, requiring of it a bond by which it was agreed that the city was to turn over to the appellant the work that had been done, including all implements, tools and machinery used and employed on the work, as well as all funds due and to become due and owing the said Hasie for the purpose of completing the said work in accordance with the terms and provisions of said contract. The con-

tract further stipulated, among other things, that:

"The said contractors are hereby authorized to use said tools, implements, and materials for the purpose of completing the said work; provided, however, that the said contractors, in taking charge of the said work, and using the said tools, implements, materials, etc., shall use the same subject to all valid claims against the same; provided, further, that in no event shall the city of Dallas be liable on account of any claims for any materials, tools, or implements owned by the said M. S. Hasie, Jr., but the said contractors fully assume the whole liability and any and all claims of any nature that may be legally asserted against the city of Dallas."

Appellant completed said work at a loss of $4,000.

[1] It is well settled by the decisions of this state that materialmen, laborers, etc., cannot fix a lien upon public works for money due them for material furnished or labor performed in the construction of such works. Bank v. Coleman, 151 S. W. 1123, and authorities cited therein; Bank v. Trust Co. 157 S. W. 472. This is recognized by appellees, but they claim, by virtue of a provision of the contract between the city and appellant, the appellant, in taking charge of the work and in using the tools, implements, material, etc., owned by the said Hasie, took the same subject to the claims of appellees.

[2] The stipulation in said contract pertaining to the assumption of claims by Hasie reads as follows:

"The said contractors are hereby authorized to use said tools, implements, and materials for the purpose of completing the said work; provided, however, that the said contractors, in taking charge of the said work, and using the said tools, implements, materials, etc., shall use the same subject to all valid claims against the same, provided, further, that in no event shall the city of Dallas be liable on account of any claims for any materials, tools, or implements owned by the said M. S. Hasie, Jr., but the said contractors fully assume the whole liability and any and all claims of any nature that may be legally asserted against the city of Dallas."

This provision of the contract is not entirely free from ambiguity, but, when we consider that the appellees had given notice to the city of their claims as provided by the charter, and that appellant received from the city certain tools, implements, materials, etc., belonging to Hasie which were used by the appellant in the construction of the work, it is evident that the city and appellant considered said claims valid and subsisting, and that appellant was to pay the same. The city had exercised its option of taking over the work done by Hasie and the materials, tools, etc., he had on hand, which exceeded in value $2,083, and were turned over to appellant, it assumed liability for such claims, and, in addition thereto, all other claims which might be legally asserted against the city. The appellant got the benefit of said materials, etc., in completing the said work, which saved it that much expense it would otherwise have incurred.

Appellant was surety on Hasie's bond for the completion of the dam, and it undertook to

complete the same in manner and form with the contract made by Hasie with the city. That the dam cost more than the contract price does not weigh much in determining this question from an equitable standpoint; for appellees, who were under no obligation to complete the dam, parted with their property which was used by the appellant in its construction of the dam on the faith of being paid therefor by Hasie, and, if not by him, by the city out of money retained due the contractor. The city was under obligations to hold money enough from the contractor, if it could do so without loss·to itself, which it did, and under the terms of the contract and principles of justice the appellees were entitled to recover, and the judgment is affirmed.

Affirmed.