CRANE COUNTY v. GEORGE F. BATES, ADMINISTRATOR, ET AL.

No. 6443.  Decided January 29, 1936.
(90 S. W., 2d Series, 243.)

*J. B. Cotton,* County Attorney for Crane County, and *E. D.*

*Smith,* both of Crane, *Ed S. Pritchard,* of Fort Worth, *Turner, Seaberry & Springer,* of Eastland, for plaintiff in error.

The county through its commissioners court and county attorney had the right to sue for the benefit of the school fund. Thompson v. Cartwright, 1 Texas, 87; Wimbish v. Holt, 26 Texas, 674.

Want of capacity to maintain a suit must be presented by a verified plea in abatement. Cook v. Thornhill, 13 Texas, 293; Eastland County v. Chapman, 276 S. W., 654; Gulf, C. & S. F. Ry. Co. v. Houston, 45 S. W. (2d) 771; Thompson v. Berry, 276 S. W., 185.

*Chas. Gibbs, A. W. Stovall,* and *H. O. Williams,* all of San Angelo, for defendants in error.

The commissioners court of Crane County was without capacity to maintain this suit, as the funds belonged to the school district. Brooks v. State, 41 S. W. (2d) 714; Butman v. Jones, 24 S. W. (2d) 796; Watson v. El Paso County, 202 S. W., 126.

*Allen Wight, Touchstone, Wight, Gormley & Price,* of Dallas, filed argument as amicus curiae.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is a suit brought by Crane County upon a depository bond for school funds, executed by the Citizens National Bank of Odessa, Texas, as principal, and W. F. Bates, R. N. Henderson, F. A. Henderson, Lula Satterwhite and Henry Pegues, as sureties. W. F. Bates died before the institution of the suit and George F. Bates, administrator of his estate, with the principal and other sureties were defendants in the court below.

The bond, dated March 23, 1929, and approved by the Commissioners Court on May 29, 1929, was in the sum of $80,000.00 payable to Ben F. Allen, County Judge of Crane County, Texas, and his successors in office, and was conditioned:

"Now, therefore, if the said Citizens National Bank of Odessa, Texas, shall safely keep and faithfully disburse the school funds according to law and pay such warrants as may be drawn on said funds by competent authority, and shall account to them, together with interest thereon at the rate of 1½ per cent per annum, calculated on daily balances, to the Commissioners Court of said County and to the State Superintend-

ent of Public Instruction, as is required by law, then this obligation shall be void; but otherwise it shall remain in full force and effect," after reciting that said bank was chosen by the Commissioners Court as depository of the funds of Crane County, including the school funds, for the term of two years, beginning January 1st, 1929.

On February 9, 1931, the due and legal time for the designation of a county depository for the ensuing two years, the Citizens National Bank was again chosen as such county depository for county and school funds, but no bond as such was ever executed by the bank or ever presented to or approved by the Commissioners Court pursuant to said last designation.

The bank was closed on April 14, 1931, because insolvent, and a receiver appointed by the Comptroller of the Currency. The last deposit of school funds was made therein on April 9, 1931; Saturday, April 11, 1931, ·was the last day on which the bank retained deposits, those made on Monday, April 13, 1931,·were returned to persons so depositing.

When the bank was closed there was on deposit with it certain divers and sundry school funds of Crane County Common School District amounting to $26,950.65, for which upon a trial before the court, judgment was rendered, including interest, aggregating $27,186.13 in favor of Crane County for the use and benefit of the School Funds of Crane County, against all the defendants, except Mrs. Lula Satterwhite and her husband, Lee Satterwhite; the sureties were awarded judgment over against the bank and subrogated to the rights of the plaintiff as to its claim against the bank's receiver for allowance out of the pro rata payment of dividends accruing to plaintiff.

The Court of Civil Appeals reversed that judgment and remanded the cause as to all defendants.  55 S. W. (2d) 614.

*First:*—It is contended by defendants in error that their obligation ceased and they are not liable for a default of their principal occurring after the expiration of the term for which the bond was given, which the Court of Civil Appeals, in the companion case (Bates v. Crane County, 55 S. W. (2d) 610, post 477), states was April 10, 1931, the date arrived at in this manner: on the first day of the February term of the Commissioners Court following each general election, it is the court's duty to select a depository (Art. 2546, Rev. Stat. 1925), having previously received proposals therefor (Art. 2544, Rev.

Stat. 1925); within five days thereafter the selected depository is required to give bond or other security (Art. 2547, Rev. Stat. 1925), after which the court is required to make and enter an order designating the selected one "as a depository until sixty days after the time fixed for the next selection of a depository" (Art. 2549, Rev. Stat. 1925). Allowing the sixty days' period carries it to April 10, 1931, and the bank did not suspend business until four days later.

In other words, defendants in error say that no recovery should be had until it is shown that the funds have been misapplied or the depository bank has become insolvent *during the life of the bond,* and it having been shown that the depository during that time did pay all checks and drafts drawn against it, the conditions of the bond were complied with and there was no default of such a nature as to authorize judgment against the sureties; they say, also, that the sureties did not guarantee that said funds would be available to be drawn upon or be paid over to the payee in the bond at any time after two years; furthermore, they argue that because the Commissioners Court, having accepted the bid of the same bank as depository for the ensuing biennium (1931-1932), it became its own successor and the sureties upon a pre-existing depository bond were released, if the balance due was permitted to remain in the custody of the bank, as its own successor, notwithstanding the selection of the successor never became effective because it never made bond or furnished security.

■ The bond in question must be treated as a statutory bond and the statute read into it. New Liberty School Dist. v. Merchants & Planters Bank, 273 S. W., 330; American Surety Co. v. Tarbutton, 248 S. W., 435; Trinity Portland Cement Co. v. Lion Bonding Co., 229 S. W., 483.

■ The contentions above stated were decided adversely to defendants in error in Hale County v. American Indemnity Co., 63 Fed. (2d) 275 (certiorari denied, 290 U. S., 697, 54 Sup. Ct., 207, 78 L. Ed., 599). The mere fact that the period contemplated by the bond for making deposits may have expired before the failure of the depository does not relieve the sureties from obligation and liability to pay over all funds deposited during the period contemplated for deposits being made; while the sureties may not be liable for deposits made thereafter, they are bound for an account of those theretofore received.

■ The sureties are not discharged as to the unpaid balance at the end of the term because there had been no demand and refusal to pay. No relief accrued to the old sureties from the abortive appointment of their principal for a new term. Hale County v. American Indemnity Company, supra; 22 R. C. L., p. 229, Sec. 8; 18 C. J., p. 589, Sec. 63; United States F. & G. Co. v. City of Pensacola, 68 Fla., 357, 67 So., 87, Ann. Cas., 1916B, 1236; School Dist. No. 75 v. Farmers' State Bank, 182 Minn., 381, 234 N. W., 594; Board of Commissioners v. Citizens Bank, 67 Minn., 236, 69 N. W., 912; School District No. 18 v. Stomberg, 61 N. D., 6, 236 N. W., 728; County of Emmons v. Kleppe, 61 N. D., 536, 238 N. W., 651; Equitable S. Co. v. Board of Finance of Jackson Tp., 186 Ind., 650, 117 N. E., 860.

In our opinion those cases announce the correct rule.

Nor do we find any basis for the contention that the county officers by their conduct and by their delay to force a settlement or by their failure to notify the sureties of the bank's alleged shaky condition have released the sureties or estopped the county from holding them to account. Hale County v. American Indemnity Company, supra.

*Second:*—It is argued that the funds in question belong to the Common School District and therefore the Commissioners Court was without capacity to maintain this suit.

■ It would appear that the answer, as to this point, should have been verified by affidavit (Art. 2010, Rev. Stat. 1925).

The question of want of capacity to maintain this suit was not raised or attempted to be raised by any pleading of any character. In their original answer, defendants in error pleaded a general demurrer, special exceptions and general denial. The same is true of the amended answer. No error is assigned to the ruling of the court on the demurrer or exceptions. None of the exceptions raised the question of want of capacity of plaintiff to sue. No plea in abatement, verified or otherwise, was filed questioning the capacity of plaintiff in error to maintain this suit.

However, in view of the sureties' contention that they owed nothing to Crane County and therefore it had no right to recover, that right appertaining alone to the trustees of the common school district, we shall review the statutes and authorities on the subject, in the light of the pleadings and facts.

The petition of plaintiff in error shows on its face that a recovery of school funds was sought. The trial court con-

cluded that plaintiff in error was "entitled to judgment for the use and benefit of said school funds of Crane County" and the judgment so expressly provides.

The Commissioners Court designated said bank as county depository for both county and school funds. The same Commissioners Court approved the bond in question. The County Judge, obligee in the bond, is also ex-officio superintendent of Crane County schools. Some of the funds involved herein were available funds received from the State Department of Education upon a scholastic apportionment. Two cashier's checks represented a part of the money belonging to the State.

The bond was apayable to "Ben F. Allen, County Judge of Crane County, Texas, and his successors in office," and recites that the Citizens National Bank of Odessa had been chosen "by the Commissioners Court as depository of the funds of Crane County, including the school funds." One of the conditions of the bond, as recited therein, was that the bank would account to the Commissioners Court of said county for the school funds so deposited.

■ That the county as trustee for the available school fund is entitled to sue for and recover from the treasurer and upon his bond given for the protection of the school fund, the shortage shown to exist in said fund, was expressly held in Harris County v. Charlton, 112 Texas, at p. 27, 243 S. W., 460. See also Poole v. Burnett Co., 97 Texas, 77, 76 S. W., 425, where it is said that the bond for the school fund being payable to and to be approved by the County Judge indicates that the school fund is under the control of the county authorities, and Burk v. County of Galveston, 76 Texas, at p. 270, 13 S. W., 455; Kempner v. County of Galveston, 73 Texas, 216, 11 S. W., 188; and Kempner v. The Same, 76 Texas, 450, 13 S. W., 460, each of which cases holds that an action upon the bond for the school fund can be maintained by the county.

■ That an obligee in a written obligation may sue and recover thereon, although the beneficial interest therein is owned by another, is settled in this State. Alison, B. & Co. v. Phoenix Assurance Co., 87 Texas, 593, 30 S. W., 547; Ferguson v. Mansfield (Com. App.), 235 S. W., 524. Bonds are to be construed as other written instruments and the same rules apply to the one as the other. 7 Texas Jur., p. 82.

■ Defendants in error argue that if the judgment is permitted to stand and thereafter the Board of Trustees of Crane County

Common School District should institute another suit against them for the moneys in question, the judgment would constitute no defense to such action. A sufficient answer to that contention is that they are protected by the judgment itself, which provides a recovery by the county for the use of such school funds; when paid the judgment inures to the benefit of the schools and of course must be apportioned accordingly.

There is a conflict in the authorities on the question whether the suit should be brought directly by the Board of Trustees and not by the county, it being the contention of defendants in error that the trustees had acquired control of the funds and the Commissioners Court of Crane County had no further power over them and no right to maintain suit for their recovery, but this contention is met by the protective judgment of the court, as above stated.

No question is raised as to the liability of the bank and its sureties, the only claim being that they owe the school district and not the county. Conceding this to be true, no useful purpose can be served by remanding the case in order that the pleadings may be amended and the trustees of the school district, eo nomini, formally made parties and the recovery had in their names, when the same result has been practically reached by the judgment providing that the recovery, although in the name of the county, is for the use of such school funds, leading necessarily to the conclusion that such recovery is for the benefit of and to be controlled by the proper school authorities. Whitaker v. McCarthy (Com. App.), 221 S. W., 572.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

Opinion adopted by the Supreme Court January 29, 1936.