DICKSON et al. v. NAVARRO COUNTY
LEVEE IMPROVEMENT DIST. NO. 3.

No. 2048.

Court of Civil Appeals of Texas. Waco.

Jan. 26, 1939.

Rehearing Denied Feb. 16, 1939.

944

A. R. Stout, J. L. Gammon, and G. Goodwin Sweatt, all of Waxahachie, and Herman Eastland, Jr., of Hillsboro, for appellants.

Felix Atwood, of Ennis, for appellee.

ALEXANDER, Justice.

This suit was brought by Navarro County Levee Improvement District No. 3 upon the relation of E. K. Atwood, an alleged bond holder of the District, against J. M. Dickson and others to recover for certain taxes alleged to be due the District and to foreclose a lien on the land upon which the taxes accrued. Judgment was for plaintiff and the defendants appealed.

Appellants' major proposition is that E. K. Atwood had no right to maintain the suit in the name of the Levee Improvement District, and for this reason it should have been dismissed. The material facts are these: Revised Statutes, article 8017, authorizes the board of supervisors of a levee improvement district to bring suits in the name of the district for the collection of taxes and foreclosure of liens. At the time this suit was filed, March 16, 1937, section (i) of said Act provided that whenever the board of supervisors of any levee improvement district should fail to commence suits within sixty days after the taxes had become delinquent, the holder or holders of any bonds issued by such levee improvement district should have the right to employ counsel to bring such suits in the name of the levee improvement district upon the relation of such bond holders. Plaintiff's petition, insofar as is necessary to show the capacity in which this suit was filed, reads as follows: "Now comes your petitioner, Navarro County Levee Improvement District No. 3, hereinafter called 'Plaintiff District,' upon the relation of E. K. Atwood, acting herein as hereinafter will more fully appear * * *." Elsewhere the petition alleged that Atwood was the holder of bonds of the Navarro County Levee Improvement District; that the taxes of the District due to plaintiff were unpaid and had been delinquent for more than sixty days, and that the supervisors of the District had not commenced suit for the collection of the same. On the 5th day of April, 1937, the defendants filed an unsworn plea in abatement, challenging the capacity in which the suit was filed and contending that Atwood had no right to maintain the suit in the name of the District. On the same day certain individuals alleging themselves to be supervisors of the District filed a plea of intervention, praying that they be allowed to intervene and prosecute suit for and on behalf of the District. The case came on for trial on June 25, 1937, but the defendants and interveners failed to appear and further urge their plea; whereupon said pleas were overruled and judgment was entered in favor of the Levee Improvement District for the taxes with foreclosure of lien as prayed. On the following day the defendants filed a motion for new trial in which they contended, among other things, that they had been misled as to the date the case had been set for trial and that they were not negligent in failing to appear and defend the suit. On the 5th day of July, 1937, the trial court, after hearing evidence, overruled the motion for new trial. The defendants perfected their appeal to this court on July 24, 1937. In the meantime Section (i) of Revised Statutes, article 8017, giving bond holders a right to maintain suits in the name of the District, was repealed by Acts 1937, 45th Legislature, 1st Called Session, H. B. No. 60, sec. 1, c. 38, but the repealing act did not become effective until ninety days after June 25, 1937, the date of adjournment of the Legislature. Said repealing act contained no provision saving pending actions.

From the view we take on other points involved in the appeal, we do not deem it necessary to pass on the contention so strenuously urged by appellants to the effect that, since the act which authorized a bond holder to maintain a tax suit in the name of a levee improvement district was repealed before this appeal had been finally disposed of, the right to so maintain the suit was lost and the cause should be dismissed. For a discussion of this question see: Taylor v. Strayer, 167 Ind. 23, 78 N. E. 236, 119 Am.St.Rep. 469; Vance v. Rankin, 194 Ill. 625, 62 N.E. 807, 88 Am.St.Rep. 173; Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905; Galveston, H. & H. R. Co. v. Anderson, Tex.Civ.App., 229 S.W. 998;

Goodrich v. Wallis, Tex.Civ.App., 143 S.W. 285.

■ The suit to recover the taxes due the levee improvement district was brought in the name of and for the use and benefit of said District. The right of E. K. Atwood to so maintain the suit in the name of the District could be challenged only by a dilatory plea. Fant v. Farrier Bros., Tex. Civ.App., 253 S.W. 955; McCrary v. City of Comanche, Tex.Civ.App., 34 S.W. 679. Such plea was required by statute to be under oath unless the truth of the matters alleged therein was otherwise shown by the record. R.S. art. 2010. The plea in this case was not verified. Moreover, appellants failed to appear and urge the plea upon the trial of the case and therefore same was waived. Sneed v. Sneed, Tex. Civ.App., 296 S.W. 643, par. 6; Stevens v. Lee, 70 Tex. 279, 8 S.W. 40; Griffin v. Burrus, Tex.Civ.App., 24 S.W.2d 805.

■ There is still another reason why we think the record presents no reversible error. Appellants did not file any plea to the merits of the case other than the unverified plea in abatement above referred to and a plea of limitation, and hence they did not deny the material facts of plaintiff's suit. In the motion for new trial, appellants alleged formally that they "have a meritorious defense to the suit filed herein against them by said alleged plaintiff," but they did not undertake to allege the nature of such defense. Upon the hearing of motion for new trial evidence was introduced for the purpose of proving that appellants were not negligent in failing to appear for the trial of the case, but appellants did not undertake to prove that they had any defense to the suit. It is a very well established rule in this state that where a defendant fails to answer, or files an answer but fails to appear for the trial, and default judgment is entered and such defendant afterwards seeks a new trial, he must not only excuse his negligence in failing to appear and defend the suit but must allege and prove that he has a meritorious defense to the suit. Stating generally that he has a meritorious defense is not sufficient. He must state the facts showing such defense and must prove either by affidavit or by evidence introduced upon the hearing that he has such defense.

This is true because, as has been said, "courts ought not, in such cases, set aside judgments rendered, except upon a showing which, if true and unexplained, would change the result on subsequent trial." Holliday v. Holliday, 72 Tex. 581, 585, 10 S.W. 690, 692; Lawther Grain Co. v. Winniford, Tex.Com.App., 249 S.W. 195, par. 5; Wichita Valley Ry. Co. v. Davis, Tex. Civ.App., 275 S.W. 169; 25 Tex.Jur. 569–572. If it be conceded that Atwood had no right to maintain the suit in the name and for the use of the levee improvement district, nevertheless, since the defendants had no defense to the suit, no injury will result by allowing the judgment to stand. The judgment will necessarily be a complete protection to the defendants from any future recovery and no useful purpose could be served by remanding the case to allow the supervisors of the District instead of the bond holder to prosecute the suit for the District. Crane County v. Bates, 126 Tex. 470, 90 S.W.2d 243, par. 9; City of Sweetwater v. Foster, Tex.Civ. App., 37 S.W.2d 799, par. 5.

■ It is further contended by appellants that the judgment is erroneous because it does not provide that the debtors shall have two years within which to redeem the property as provided in article 7284a, Vernon's Ann.Civ.St., and art. 8017 (g), Rev.St. It does not appear, however, that the property has yet been sold in satisfaction of the judgment, nor that appellants have otherwise been denied a right to redeem the property. The question of their right to so redeem the property is therefore not before the court. If such right exists, there will be time enough to complain when a tender is made and the right to redeem is denied. Moreover, it appears that the bonds in question were issued and sold in 1919, long prior to the enactment of article 7284a, Vernon's Ann. Civ.St. in 1927, and Revised Statutes, art. 8017 in 1925 and therefore the right to so redeem within the two year period as provided for by said statutes does not apply to a sale for taxes in satisfaction of the bonds in question. Dallas County Levee Improvement District No. 6 v. Rugel, Tex. Com.App., 36 S.W.2d 188.

The judgment of the trial court is affirmed.