**James G. STEGALL, Jr., Appellant,**

v.

**Marian T. STEGALL and Scott K. Stegall, Appellees.**

**No. 18003.**

Court of Civil Appeals of Texas, Fort Worth.

Sept. 21, 1978.

Rehearing Denied Oct. 19, 1978.

Wayne A. Melton, Dallas, for appellant.

Addison Wilson, III, and Michael Preston, Dallas, for appellees.

## OPINION

SPURLOCK, Justice.

James Stegall, Jr. and Marian Stegall made an agreement incident to their divorce. In part, James Stegall agreed to provide financial assistance for the college education of the couple's sons. Marian Stegall and adult son, Scott, sued Stegall for tuition and fees incurred by Scott because Stegall failed to provide any assistance. The trial court rendered judgment for Scott in the sum of $2,058.85 and Mrs. Stegall was awarded $1,000.00 attorneys' fees. Stegall appealed. Mrs. Stegall, by her cross point of error, asserts that the trial court erred in rendering judgment for $1,000.00 attorneys' fees rather than $2,000.00.

We affirm.

Two provisions of the agreement are at issue. They are as follows:

"Husband will provide financial assistance to so many of the sons of the parties

as may elect to pursue their college level education in amounts not to exceed the charges for such education then in effect at Abilene Christian College in Abilene, Texas, less other sources of income available to such sons from earnings, savings, scholarships, work grants or otherwise, so long as they are satisfactorily pursuing a full curriculum, such payments to be made at the discretion of Husband either to said sons or direct to the educational institution they are attending." Agreement Incident To Divorce, Section VIII–C.

"In the event a party hereto defaults in performing his or her obligations under this Agreement, requiring the other party to seek judicial enforcement or relief, the defaulting party shall pay the reasonable attorney's fees and costs incurred." Agreement Incident To Divorce, Section VIII–I.

The trial court found that Scott was satisfactorily pursuing a full curriculum at Abilene Christian College. The court also found that Stegall failed to provide necessary financial assistance to Scott and that the sum of $2,058.85 was necessarily incurred and reasonable in amount. Mrs. Stegall pled and prayed for $2,000.00 attorneys' fees. The trial court found that $1,000.00 was reasonable. The court also found her to be a proper party to the suit.

Stegall claims that the trial court erred in granting judgment for Mrs. Stegall. He claims she had no justiciable interest nor right to sue under the agreement. We do not agree.

■ In the agreement Stegall promised Mrs. Stegall he would provide financial assistance for the college education of their sons. This benefited Scott. Thus the agreement was a third party beneficiary contract. It is well settled that the promisee of a third party beneficiary contract can sue the promissor to enforce the agreement. *Crane County v. Bates*, 126 Tex. 470, 90 S.W.2d 243. 13 Tex.Jur.2d Contracts § 358 (1960). Therefore, Mrs. Stegall had a justiciable interest and the right to sue.

■ Stegall complains that the trial court erred in awarding Mrs. Stegall $1,000.00 attorneys' fees. He claims she had no right to attorneys' fees because she had no affirmative recovery of damages or other relief. He argues that recovery of actual damages or other relief is required to support an award of attorneys' fees.

We conclude Mrs. Stegall obtained relief sufficient to support award of attorneys' fees. She sued to enforce the agreement and obtained enforcement thereof because Scott obtained a judgment for the expenses. Thus Mrs. Stegall obtained relief. The attorneys' fee provision of the agreement authorized recovery of reasonable fees where a party had to seek judicial enforcement of the agreement. Clearly, Mrs. Stegall properly sought and received enforcement of the agreement. She is entitled to reasonable attorney's fees.

Mrs. Stegall complains the trial court erred in limiting the award of attorneys' fees to $1,000.00. She argues that the court could not properly find that an amount less than the $2,000.00 pled and proven was reasonable because Stegall failed to raise the issue of reasonableness. We do not agree.

The attorneys' fee provision authorized recovery of reasonable attorneys' fees. Mrs. Stegall pled and prayed for recovery under the provision.

■ An award of attorneys' fees is a question for the trier of fact. *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347 (Tex.1971). The trial court found that $1,000.00 was reasonable. An award of attorneys' fees involves the sound discretion of the trial judge which is not to be reviewed on appeal absent an abuse of discretion. *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). Mrs. Stegall claims that the court abused its discretion, the testimony was that $2,000.00 was reasonable was uncontroverted. We find no abuse.

■ The elements to be considered by the trier of fact in its determination of a reasonable amount of attorneys' fees in-

clude the nature and complexity of the case, the amount in controversy, the amount of time and effort required, and expertise of counsel. *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258 (Tex.Civ.App.—Austin 1975, no writ). Mrs. Stegall has not claimed that the trial court failed to or improperly considered these elements in its finding. *McFadden* also holds that the opinion testimony of an attorney on the reasonableness of a fee is not conclusive. Therefore, Mrs. Stegall failed to show any abuse in discretion.

■ Stegall complains that the trial court erred in rendering judgment for Scott because Scott failed to perform specific conditions precedent to recovery under the agreement. He argues that since the agreement required him to provide assistance less other sources of income available to Scott, that a condition precedent exists that Scott must have or attempt to have income. The only condition precedent we find in the agreement is that Scott satisfactorily pursue a full college curriculum. Scott has met this condition.

Stegall's construction of the provision imposes a duty on Scott to work and to at least apply for scholarships and grants. The agreement, however, imposes no such duty. The sources of income available to Scott are relevant only to a determination of the amount of assistance required.

■ Stegall claims the trial court erred in rendering judgment for $2,058.85 because this amount was the total expense incurred. He urges that the judgment requires him to completely subsidize Scott's education when the agreement requires him only to provide assistance. We do not agree.

If Stegall were to completely subsidize Scott's education, he would have to pay all of Scott's living expenses. Expenses for room, board, clothing, and transportation are a major part of college expenses. The judgment rendered covers only tuition and fees. This amount equals Scott's total expense less his living expenses. Scott paid his living expenses. Thus the judgment does not force Stegall to do anymore than is required by the agreement.

We find no error in the trial court's judgment. It is believed that by what we have written all points of error presented in complaint of the judgment in the case are discussed. However, and in any event, all points of error have been severally considered and are overruled.

The judgment of the trial court is affirmed.