Etta Jeanne DELANEY, Appellant,

v.

Adrian Averil DAVIS, Appellee.

No. 14–00–00972–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 2002.

Cindy L. Miller, Bryan, Lisa Ann Hubacek, College Station, for appellant.

Michael H. Norman, Houston, for appellee.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

## OPINION ON MOTION FOR REHEARING

EDELMAN, Justice.

Appellant's motion for rehearing is denied, the opinion issued in this case on

* Senior Justice Don Wittig sitting by assignment.

January 31, 2002 is withdrawn, and the following opinion is issued in its place.

In this action for breach of a divorce agreement, Etta Jeanne Delaney appeals the denial of her recovery from Adrian Averil Davis of their daughter's room and board expenses for graduate school on the grounds that: (1) the trial court erred in failing to make findings of fact and conclusions of law; (2) Delaney was entitled to enforce the agreement incident to divorce in a suit for damages and proved the room and board expenses at trial; and (3) she was entitled to specific performance of the agreement. We affirm.

## Background

In 1984, Davis and Delaney entered into an agreement incident to their divorce (the "agreement") which provided, among other things, that Davis would pay reasonable graduate school expenses, including room and board, for their daughter, Lee. When Davis subsequently failed to pay any of Lee's graduate school expenses, Lee paid all of them and was reimbursed by Delaney for those other than room and board (the "other expenses"). Delaney sued Davis for breach of the agreement to recover all of Lee's graduate school expenses. After a bench trial, the trial court awarded Delaney recovery of the other expenses but not those for room and board.

## Failure to File Findings of Fact and Conclusions of Law

■ Delaney's first issue contends that the trial court erred in failing to file findings of fact and conclusions of law ("findings and conclusions") despite her timely request and notice of past due findings on January 17 and February 8, 2001, respectively. Although Delaney failed to file a request for findings and conclusions within 20 days after the judgment was signed on June 30, 2000,[1] she argues that the trial court had jurisdiction to enter an order on January 3, 2001, enlarging the time to request findings and conclusions.

Upon a timely request, a trial court has a mandatory duty to file findings and conclusions. *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989).[2] When a trial court fails to make timely requested findings and conclusions, harm is presumed unless the contrary appears on the face of the record before the appellate court. *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Id.*

With regard to the trial court's failure to file findings and conclusions in this case, Delaney's brief concludes:

1. *See* TEX. R. CIV. P. 296.

2. If a party fails to adhere to the deadlines for obtaining findings and conclusions, she waives the right to complain on appeal of the trial court's failure to provide them. *See Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 255 (Tex.1984). When a party fails to properly request findings and conclusions, the trial court is presumed to have made all findings necessary to support its judgment. *See Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988). In this case, Delaney filed no motion for new trial or otherwise sought to extend the trial court's ple-

nary power or the time for perfecting appeal. Her notice of appeal was filed on July 28, 2000. Although the Texas Rules of Civil Procedure set periods in which findings and conclusions must be requested and filed, and those periods may extend beyond that in which the trial court has plenary power, we have found no authority setting a time after which a trial court may no longer file findings and conclusions or, therefore, enlarge the time for requesting them. The law is thus unsettled as to whether the enlargement of time, and Delaney's subsequent request within that time, were valid.

[I]t is [Delaney's] position that her issues 2–4 reflect the only three possible grounds for the trial court's decision and that she can obtain a reversal and rendition from this Court without the further delay and expense of abatement. If this Court disagrees, and holds that there may be additional grounds to support the trial court's ruling; then [Delaney] requests that the appeal be abated and the trial court directed to file findings of fact and conclusions of law. Otherwise, [Delaney] prefers to move forward with the appeal without an abatement.

Because we agree with Delaney that her issues 2–4 reflect the only discernable grounds for the trial court's decision, and thus that the lack of findings and conclusions has not prevented Delaney from properly presenting an appeal, we conclude that a lack of harm from the failure to file findings and conclusions appears on the face of the record.[3] Accordingly, we overrule Delaney's first issue.

### Room and Board Expenses

Delaney's second issue alleges that she is legally entitled to enforce the agreement in her capacities as: (1) Lee's assignee because Lee, as third party beneficiary to the agreement, orally assigned her breach of contract claim against Davis to Delaney; and (2) a promisee to the agreement. Delaney's third issue contends that she proved as a matter of law that: (1) the room and board expenses were or will be incurred by Lee; (2) the amount of those expenses is reasonable and customary; (3) the expenses were or will be incurred in the reasonable pursuit of graduate studies; and (4) Davis failed to pay the expenses.

### Standard of Review

A party attacking the legal sufficiency of the evidence to support an adverse finding on an issue on which she had the burden of proof must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). In reviewing such a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The challenge should be sustained only if the contrary proposition is conclusively established. *Id.*

A party attacking the factual sufficiency of the evidence to support an adverse finding on an issue on which she had the burden of proof must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242. The reviewing court must consider all of the evidence and may set aside a verdict only if the evidence is so weak, or if the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.*

### Recovery as Assignee

To recover on an assigned cause of action,[4] the party claiming the assigned

---

3. Even if there were other possible grounds to support the trial court's judgment, besides those challenged by Delaney, the fact that the judgment can be sustained even on the grounds challenged by Delaney means that an affirmance would result in any event.

4. Generally, causes of action may be freely assigned. *Coronado Paint Co. v. Global Drywall Sys., Inc.*, 47 S.W.3d 28, 31 (Tex.App.— Corpus Christi 2001, pet. filed). Contract rights may be assigned orally unless the contract giving rise to the claim, or some other statute pertaining to the claim, requires a

rights must prove that the cause of action was in fact assigned to her. *Texas Farmers Ins. Co. v. Gerdes,* 880 S.W.2d 215, 217 (Tex.App.-Fort Worth 1994, writ denied). In this case, Delaney relies on the following portions of Lee's trial testimony as proof that Lee assigned her right of recovery to Delaney:[5]

Q: [T]o the extent that your father might object that you have any claim against him for these expenses, do you waive the claims for your room and board to the present and if the Court grants judgment for them for the future for your graduate school education for the master's degree?

A: Oh yeah. I'm not going to sue him again.

\* \* \* \*

Q: Now, insofar as the waiver or the— what you have waived, are you waiving all of your claims to your mother?

A: Yes, ma'am.

Q: Not—you're not giving them up. You're just waiving them to your mother?

A: Yes, ma'am.

\* \* \* \*

Q: Is it your understanding, then, that you will have no right to bring any further action in connection with these claims and that you've relinquished them to your mother?

A: Yes, sir.

Delaney contends that this testimony itself constituted an assignment by Lee to Delaney of Lee's claim against Davis, such that Delaney could recover against Davis as assignee of Lee's claim for the room and board expenses. However, in light of the vague phrasing of the questions, we cannot say this testimony established the existence of an assignment as a matter of law or that the trial court's failure to find an assignment is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.[6] Accordingly, Delaney's second issue is overruled as to her recovery as an assignee of Lee's contract rights.

### Recovery as Promisee in Suit for Damages

■■■■■ Delaney asserts that she is also entitled to recover as a promisee of the agreement in a suit for damages. The promisee of a promise made for the benefit of a beneficiary, *i.e.,* a third party beneficiary contract, has the same right to performance from the promisor as any other promisee.[7] However, a plaintiff seeking to recover for breach of contract must generally prove, among other things, that she suffered damage caused by the defendant's alleged breach.[8] Because there is no evi-

---

written transfer. *Adkins Servs., Inc. v. Tisdale Co.,* 56 S.W.3d 842, 845 (Tex.App.—Texarkana 2001, no pet.).

5. The parties do not dispute that Lee is a third party beneficiary of the agreement to the extent it provides for payment of her graduate school expenses.

6. Although neither side has presented authority on the issue, we also question the use of trial testimony as the means to *create* (rather than prove the existence of) facts necessary to give a party standing to assert a claim.

7. RESTATEMENT (SECOND) OF CONTRACTS § 305 cmt. a (1981); *see Crane County v. Bates,* 126 Tex. 470, 476, 90 S.W.2d 243, 245–46 (1936); *Stegall v. Stegall,* 571 S.W.2d 564, 566 (Tex.Civ.App.—Fort Worth 1978, no writ).

8. *See Boon Ins. Agency, Inc. v. American Airlines, Inc.,* 17 S.W.3d 52, 58 (Tex.App.—Austin 2000, pet. denied), *cert. denied,* 531 U.S. 1113, 121 S.Ct. 858, 148 L.Ed.2d 772 (2001); *East Texas Med. Ctr. v. Anderson,* 991 S.W.2d 55, 62 (Tex.App.—Tyler 1998, pet. denied); *Ryan v. Superior Oil Co.,* 813 S.W.2d 594, 596

dence in this case that Delaney has expended, has become obligated to expend, or will otherwise expend any funds for Lee's room and board, there is no evidence that she has suffered or will suffer any damage from Davis's breach of his obligation to pay Lee's room and board.[9]

In such a situation, where damages have been suffered only by the beneficiary of a third party beneficiary contract, and not by the promisee, authorities differ on whether the promisee may nevertheless recover in a suit for damages. *Compare Copeland v. Alsobrook*, 3 S.W.3d 598, 607–08 (Tex.App.-San Antonio 1999, pet. denied) (allowing promisee to recover), *with* RESTATEMENT (SECOND) OF CONTRACTS §§ 305 cmt. a, 307 cmt. b (1981) (recognizing in such a case that: (1) only nominal damages can be recovered by the promisee;[10] (2) the promisee cannot recover damages suffered by the beneficiary;[11] but (3) the promisee may be awarded specific performance if it is an otherwise appropriate remedy[12]). Because we conclude that the Restatement of Contracts is the correct statement of the law on this issue, Delaney's second point of error fails to demonstrate that the trial court erred in declining to award her the room and board expenses on her claim for money damages as a promisee of the agreement. Accordingly, the remainder of that point of error is overruled.[13]

### Recovery as Promisee in Action for Specific Performance

Delaney's fourth issue argues, in the alternative, that if this court finds that only a promisee of a creditor beneficiary[14] can sue for damages, she would have no adequate remedy at law and should be entitled to the equitable remedy of specific performance. She further contends that her allegation of breach of contract and

---

(Tex.App.—Houston [14th Dist.] 1991, writ denied). Thus, a promisee of a promise made for the benefit of a beneficiary, who has herself (the promisee) suffered damages from the breach of the promise, such as with a promise to pay the promisee's debt to the beneficiary, is entitled to recover those damages. RESTATEMENT (SECOND) OF CONTRACTS § 305 cmt. a, illus. 2, 3.

9. Delaney contends she has been damaged in that, in exchange for Davis's promise to pay the graduate school expenses, she gave bargained-for concessions in the divorce as to the property division, child support obligations, or otherwise. However, for any such concessions that Delaney gave, she received in return a legally enforceable obligation from Davis. The fact that the law allows only a person who has suffered an economic loss from a failure to comply with that obligation to be awarded damages for that failure does not diminish the obligation Delaney obtained from Davis or otherwise cause her to have suffered damage by the concessions she made to obtain the obligation in the first place.

10. RESTATEMENT (SECOND) OF CONTRACTS § 305 cmt. a.

11. *Id.* § 307 cmt. b.

12. *Id.* § 305 cmt. a.

13. Because Delaney's third issue also pertains to her fourth issue, we rule on both in the following section.

14. Among third party beneficiaries, a "donee beneficiary" is one to whom the promised performance will come as a pure donation, whereas a "creditor beneficiary" is one to whom the promised performance will come in satisfaction of a legal duty owed to the beneficiary by the promisee, such as with a promise to pay the promisee's debt to the beneficiary. *See MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). A breach of the promisor's promise will typically result in damage to the promisee in the case of a creditor beneficiary, where the promisee's legal duty to the beneficiary is not discharged, but not in the case of a donee beneficiary, where the promisee has no duty to the beneficiary.

prayer for general relief were sufficient to support an award of specific performance.

One instance in which specific performance can be obtained by a promisee of a donee third party beneficiary contract is described in the following illustration from the Restatement:

> As part of a separation agreement B promises his wife A not to change the provision in B's will for C, their son. A dies and B changes his will to C's detriment, adding also a provision that C will forfeit any bequest if he questions the change before any tribunal. A's personal representative may sue for specific performance of B's promise.

RESTATEMENT (SECOND) OF CONTRACTS § 307 cmt. d, illus. 2.

To the extent this illustration suggests that specific performance was an available remedy in this case, we must address whether a request for it was properly presented to the trial court. As contrasted from an award of money damages to Delaney, a judgment of specific performance would, according to Delaney, order Davis to reimburse Lee for the room and board expenses she had paid or would subsequently pay while in graduate school.

However, in her pleading and during the trial of this case in October of 1999, Delaney did not request or mention specific performance, but sought only an award of damages to herself. In April of 2000, Delaney filed: (1) a motion to reconsider the trial court's denial of room and board expenses and (2) a motion to enter decree, neither of which mentioned specific performance or an award to Lee.[15] A brief hearing was held on these and other posttrial matters in June of 2000. Toward the end of that hearing, Delaney's attorney, Ms.

Miller, mentioned specific performance for the first time:

> MS. MILLER: Your honor, I have some other thoughts. I wanted to hand the court a couple of cases, if I could. I could not find any Texas cases that were right on the point that counsel has argued in his response; but I believe that there is case law in other states that say that Ms. Delaney under these circumstances, is entitled to specific performance. And I would like to hand you a case *Lawkins v. Gilbeaux* from the State of Maine— the Supreme Court of Maine and *Smith v. Maisher* from California –
>
> THE COURT: Was this [the present action] a suit for specific performance?
>
> MS. MILLER: Not specifically for that, Your Honor.
>
> THE COURT: I'll leave it [the decree under consideration] like it is. You can bring that up in a motion for new trial.

Under these circumstances, we believe that the trial court did not err in declining to grant specific performance for two reasons. First, as noted above, this had not been a suit for specific performance, specific performance would have been a fundamentally different remedy than the award of damages Delaney sought for herself throughout this case, and specific performance was never mentioned until the trial court was preparing to enter its judgment. The trial court could have thus properly concluded that the request for specific performance was not timely.

■ Second, to the extent the request for specific performance could be considered timely, it would have been within the

---

15. However, Delaney's second proposed decree contained the following language: "IT IS ORDERED AND DECREED that [Delaney] shall apply $27,720.00 of the judgment when received to the room and board expenses, past and future, paid or to be paid by [Lee]."

trial court's discretion to request briefing on the issue before making a determination on it, particularly in that this was not a context in which specific performance typically arises and Delaney's counsel presented no Texas law supporting a grant of specific performance at the hearing. The trial court, in effect, invited Delaney to provide such briefing in a motion for new trial, but apparently was not inclined to delay entry of judgment to consider the issue. By failing to file such a motion for new trial, Delaney afforded the trial court no opportunity to rule on the issue in light of the authorities and analysis set forth above and thus did not adequately preserve a complaint on the trial court's failure to grant specific performance.

### Inconsistent Positions

As outlined above, Delaney essentially asserts that uncontested evidence of the same facts proves her right to recover in three distinctly different capacities: (1) as assignee of damages suffered only by Lee; (2) as a promisee who has herself suffered those damages; and (3) as a promisee who is entitled to specific performance because she has not suffered any damages (and was not an assignee). Unquestionably, a party may plead and attempt to prove such alternative, inconsistent claims.[16] However, to the extent the evidence potentially supports more than one of such inconsistent positions, as Delaney contends, it proves none of them to the extent necessary to sustain her legal and factual sufficiency challenges, *i.e.,* conclusively or so clearly that any finding by the court is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

---

16. *See* TEX. R. CIV. P. 47 (relief in the alternative or of several different types may be demanded); *id.* 48 (a party may state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both).

Accordingly, Delaney's third and fourth issues are overruled, and the judgment of the trial court is affirmed.