Appellant=s Motion for Rehearing Overruled, Opinion Issued January 31,
2002 Withdrawn, Affirmed, and Opinion on Motion for Reh









Appellant=s Motion for
Rehearing Overruled, Opinion Issued January 31, 2002 Withdrawn, Affirmed, and Opinion on Motion for Rehearing filed June 20,
2002.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-00972-CV

_______________

 

ETTA JEANNE DELANEY, Appellant

 

V.

 

ADRIAN AVERIL DAVIS, Appellee

                                                                                                                                
               

On Appeal from the 85th District Court

Brazos County, Texas

Trial Court Cause No. 48,347-85

                                                                                                                                       
        

 

O P I N I O N  
O N   M O T I O N

F O R   R E H E
A R I N G

 

Appellant=s motion for rehearing is denied, the
opinion issued in this case on January 31, 2002 is withdrawn, and the following
opinion is issued in its place.

In
this action for breach of a divorce agreement, Etta Jeanne Delaney appeals the
denial of her recovery from Adrian Averil Davis of their daughter=s room and board expenses for
graduate school on the grounds that: (1) the trial court erred in failing to
make findings of fact and conclusions of law; (2) Delaney was entitled to
enforce the agreement incident to divorce in a suit for damages and proved the
room and board expenses at trial; and (3) she was entitled to specific
performance of the agreement.  We affirm.

                                                                   Background








In
1984, Davis and Delaney entered into an agreement incident to their divorce
(the Aagreement@) which provided, among other things,
that Davis would pay reasonable graduate school expenses, including room and
board, for their daughter, Lee.  When
Davis subsequently failed to pay any of Lee=s graduate school expenses, Lee paid
all of them and was reimbursed by Delaney for those other than room and board
(the Aother expenses@). 
Delaney sued Davis for breach of the agreement to recover all of Lee=s graduate school expenses.  After a bench trial, the trial court awarded
Delaney recovery of the other expenses but not those for room and board.  

                          Failure
to File Findings of Fact and Conclusions of Law

Delaney=s first issue contends that the trial
court erred in failing to file findings of fact and conclusions of law (Afindings and conclusions@) despite her timely request and
notice of past due findings on January 17 and February 8, 2001,
respectively.  Although Delaney failed to
file a request for findings and conclusions within 20 days after the judgment
was signed on June 30, 2000,[1]
she argues that the trial court had jurisdiction to enter an order on January
3, 2001, enlarging the time to request findings and conclusions.








Upon
a timely request, a trial court has a mandatory duty to file findings and
conclusions.  Cherne Indus., Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989).[2]  When a trial court fails to make timely
requested findings and conclusions, harm is presumed unless the contrary
appears on the face of the record before the appellate court. Tenery v.
Tenery, 932 S.W.2d 29, 30 (Tex. 1996). 
Error is harmful if it prevents an appellant from properly presenting a
case to the appellate court.  Id.

With
regard to the trial court=s failure to file findings and conclusions in this case,
Delaney=s brief concludes:

[I]t
is [Delaney=s] position that her issues 2-4
reflect the only three possible grounds for the trial court=s decision and that she can obtain a
reversal and rendition from this Court without the further delay and expense of
abatement.  If this Court disagrees, and
holds that there may be additional grounds to support the trial court=s ruling, then [Delaney] requests
that the appeal be abated and the trial court directed to file findings of fact
and conclusions of law.  Otherwise,
[Delaney] prefers to move forward with the appeal without an abatement.

Because we agree
with Delaney that her issues 2-4 reflect the only discernable grounds for the
trial court=s decision, and thus that the lack of
findings and conclusions has not prevented Delaney from properly presenting an
appeal, we conclude that a lack of harm from the failure to file findings and
conclusions appears on the face of the record.[3]  Accordingly, we overrule Delaney=s first issue.

                                                      Room
and Board Expenses








Delaney=s second issue alleges that she is
legally entitled to enforce the agreement in her capacities as: (1) Lee=s assignee because Lee, as third
party beneficiary to the agreement, orally assigned her breach of contract
claim against Davis to Delaney; and (2) a promisee to the agreement.  Delaney=s third issue contends that she
proved as a matter of law that: (1) the room and board expenses were or will be
incurred by Lee; (2) the amount of those expenses is reasonable and customary;
(3) the expenses were or will be incurred in the reasonable pursuit of graduate
studies; and (4) Davis failed to pay the expenses.

Standard
of Review 

A
party attacking the legal sufficiency of the evidence to support an adverse
finding on an issue on which she had the burden of proof must demonstrate on
appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue.  Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). 
In reviewing such a Amatter of law@ challenge, the reviewing court must first examine the record
for evidence that supports the finding, while ignoring all evidence to the
contrary.  Id.  If there is no evidence to support the
finding, the reviewing court will then examine the entire record to determine
if the contrary proposition is established as a matter of law.  Id. 
The challenge should be sustained only if the contrary proposition is
conclusively established.  Id.

A
party attacking the factual sufficiency of the evidence to support an adverse
finding on an issue on which she had the burden of proof must demonstrate on
appeal that the adverse finding is against the great weight and preponderance
of the evidence.  Id. at 242.  The reviewing court must consider all of the
evidence and may set aside a verdict only if the evidence is so weak, or if the
finding is so against the great weight and preponderance of the evidence, that
it is clearly wrong and unjust.  Id.

                                                           Recovery
as Assignee








To
recover on an assigned cause of action,[4]
the party claiming the assigned rights must prove that the cause of action was
in fact assigned to her.  Texas
Farmers Ins. Co. v. Gerdes, 880 S.W.2d 215, 217 (Tex. App.BFort Worth 1994, writ denied).  In this case, Delaney relies on the following
portions of Lee=s trial testimony as proof that Lee assigned her right of
recovery to Delaney:[5]

Q:        [T]o
the extent that your father might object that you have any claim against him
for these expenses, do you waive the claims for your room and board to the
present and if the Court grants judgment for them for the future for your
graduate school education for the master=s degree?

A:        Oh
yeah.  I=m not going to sue him again.

*          *          *          *

Q:        Now,
insofar as the waiver or the B what you have waived, are you waiving all of your claims to
your mother?

A:        Yes,
ma=am.

Q:        Not
B you=re not giving them up. You=re just waiving them to your mother?

A:        Yes,
ma=am.

*          *          *          *

Q:        Is
it your understanding, then, that you will have no right to bring any further
action in connection with these claims and that you=ve relinquished them to your mother?

A:        Yes,
sir.








Delaney
contends that this testimony itself constituted an assignment by Lee to Delaney
of Lee=s claim against Davis, such that
Delaney could recover against Davis as assignee of Lee=s claim for the room and board
expenses.  However, in light of the vague
phrasing of the questions, we cannot say this testimony established the
existence of an assignment as a matter of law or that the trial court=s failure to find an assignment is so
against the great weight and preponderance of the evidence that it is clearly
wrong and unjust.[6]  Accordingly, Delaney=s second issue is overruled as to her
recovery as an assignee of Lee=s contract rights.

                                         Recovery
as Promisee in Suit for Damages

Delaney
asserts that she is also entitled to recover as a promisee of the agreement in
a suit for damages.  The promisee of a
promise made for the benefit of a beneficiary, i.e., a third party
beneficiary contract, has the same right to performance from the promisor as
any other promisee.[7]  However, a plaintiff seeking to recover for
breach of contract must generally prove, among other things, that she suffered
damage caused by the defendant=s alleged breach.[8]  Because there is no evidence in this case
that Delaney has expended, has become obligated to expend, or will otherwise
expend any funds for Lee=s room and board, there is no evidence that she has suffered
or will suffer any damage from Davis=s breach of his obligation to pay Lee=s room and board.[9]








In
such a situation, where damages have been suffered only by the beneficiary of a
third party beneficiary contract, and not by the promisee, authorities differ
on whether the promisee may nevertheless recover in a suit for damages.  Compare Copeland v. Alsobrook, 3
S.W.3d 598, 607-08 (Tex. App.BSan Antonio 1999, pet. denied) (allowing promisee to
recover), with Restatement
(Second) of Contracts '' 305 cmt. a, 307 cmt. b (1981) (recognizing in such a case
that: (1) only nominal damages can be recovered by the promisee;[10]
(2) the promisee cannot recover damages suffered by the beneficiary;[11]
but (3) the promisee may be awarded specific performance if it is an otherwise
appropriate remedy[12]).  Because we conclude that the Restatement of
Contracts is the correct statement of the law on this issue, Delaney=s second point of error fails to
demonstrate that the trial court erred in declining to award her the room and
board expenses on her claim for money damages as a promisee of the
agreement.  Accordingly, the remainder of
that point of error is overruled.[13]

                            Recovery
as Promisee in Action for Specific Performance








Delaney=s fourth issue argues, in the
alternative, that if this court finds that only a promisee of a creditor
beneficiary[14]
can sue for damages, she would have no adequate remedy at law and should be
entitled to the equitable remedy of specific performance.  She further contends that her allegation of
breach of contract and prayer for general relief were sufficient to support an
award of specific performance.

One
instance in which specific performance can be obtained by a promisee of a donee
third party beneficiary contract is described in the following illustration
from the Restatement:

As
part of a separation agreement B promises his wife A not to change the
provision in B=s will for C, their son.  A dies and B changes his will to C=s detriment, adding also a provision
that C will forfeit any bequest if he questions the change before any
tribunal.  A=s personal representative may sue for
specific performance of B=s promise.

Restatement (Second) Of Contracts ' 307 cmt. d, illus. 2.

To
the extent this illustration suggests that specific performance was an
available remedy in this case, we must address whether a request for it was
properly presented to the trial court. 
As contrasted from an award of money damages to Delaney, a judgment of
specific performance would, according to Delaney, order Davis to reimburse Lee
for the room and board expenses she had paid or would subsequently pay while in
graduate school.

However,
in her pleading and during the trial of this case in October of 1999,
Delaney  did not request or mention
specific performance, but sought only an award of damages to herself.  In April of 2000, Delaney filed: (1) a motion
to reconsider the trial court=s denial of room and board expenses and (2) a motion to enter
decree, neither of which mentioned specific performance or an award to Lee.[15]  A brief hearing was held on these and other
post-trial matters in June of 2000. 
Toward the end of that hearing, Delaney=s attorney, Ms. Miller, mentioned
specific performance for the first time:








MS. MILLER:            Your honor, I have some other thoughts.  I wanted to hand the court a couple of cases,
if I could.  I could not find any Texas
cases that were right on the point that counsel has argued in his response; but
I believe that there is case law in other states that say that Ms. Delaney
under these circumstances, is entitled to specific performance.  And I would like to hand you a case Lawkins
v. Gilbeaux from the State of Maine -- the Supreme Court of Maine and Smith
v. Maisher from California B

THE COURT:            Was this [the present action] a suit for specific
performance?

MS. MILLER:            Not specifically for that, Your Honor.

THE COURT:            I=ll leave it [the decree under consideration] like it is.  You can bring that up in a motion for new
trial.

Under
these circumstances, we believe that the trial court did not err in declining
to grant specific performance for two reasons. 
First, as noted above, this had not been a suit for specific performance,
specific performance would have been a fundamentally different remedy than the
award of damages Delaney sought for herself throughout this case, and specific
performance was never mentioned until the trial court was preparing to enter
its judgment.  The trial court could have
thus properly concluded that the request for specific performance was not
timely.

Second,
to the extent the request for specific performance could be considered timely,
it would have been within the trial court=s discretion to request briefing on
the issue before making a determination on it, particularly in that this was
not a context in which specific performance typically arises and Delaney=s counsel presented no Texas law
supporting a grant of specific performance at the hearing.  The trial court, in effect, invited Delaney
to provide such briefing in a motion for new trial, but apparently was not
inclined to delay entry of judgment to consider the issue.  By failing to file such a motion for new
trial, Delaney afforded the trial court no opportunity to rule on the issue in
light of the authorities and analysis set forth above and thus did not
adequately preserve a complaint on the trial court=s failure to grant specific
performance.








                                                           Inconsistent
Positions

As
outlined above, Delaney essentially asserts that uncontested evidence of the
same facts proves her right to recover in three distinctly different
capacities: (1) as assignee of  damages
suffered only by Lee; (2) as a promisee who has herself suffered those damages;
and (3) as a promisee who is entitled to specific performance because she has
not suffered any damages (and was not an assignee).  Unquestionably, a party may plead and attempt
to prove such alternative, inconsistent claims.[16]  However, to the extent the evidence
potentially supports more than one of such inconsistent positions, as Delaney
contends, it proves none of them to the extent necessary to sustain her legal
and factual sufficiency challenges, i.e., conclusively or so clearly
that any finding by the court is so against the great weight and preponderance
of the evidence that it is clearly wrong and unjust.

Accordingly, Delaney=s third and fourth issues are overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed June 20, 2002.

Panel consists of
Justices Yates, Edelman, and Wittig.[17]

Publish C Tex.
R. App. P. 47.3(b).











[1]           See
Tex. R. Civ. P. 296.





[2]           If a
party fails to adhere to the deadlines for obtaining findings and conclusions,
she waives the right to complain on appeal of the trial court=s failure to provide them.  See Las Vegas Pecan & Cattle Co. v.
Zavala County, 682 S.W.2d 254, 255 (Tex. 1984).  When a party fails to properly request
findings and conclusions, the trial court is presumed to have made all findings
necessary to support its judgment.  See
Lemons v. EMW Mfg. Co., 747 S.W.2d 372, 373 (Tex. 1988).  In this case, Delaney filed no motion for new
trial or otherwise sought to extend the trial court=s plenary power or the time for perfecting
appeal.  Her notice of appeal was filed
on July 28, 2000.  Although the Texas
Rules of Civil Procedure set periods in which findings and conclusions must be
requested and filed, and those periods may extend beyond that in which the
trial court has plenary power, we have found no authority setting a time after
which a trial court may no longer file findings and conclusions or, therefore,
enlarge the time for requesting them. 
The law is thus unsettled as to whether the enlargement of time, and
Delaney=s subsequent request within that time, were valid.





[3]           Even
if there were other possible grounds to support the trial court=s judgment, besides those challenged by Delaney, the
fact that the judgment can be sustained even on the grounds challenged by
Delaney means that an affirmance would result in any event.





[4]           Generally,
causes of action may be freely assigned. 
Coronado Paint Co. v. Global Drywall Sys., Inc., 47 S.W.3d 28, 31
(Tex. App.CCorpus Christi 2001, pet. filed).  Contract rights may be assigned orally unless
the contract giving rise to the claim, or some other statute pertaining to the
claim, requires a written transfer.  Adkins
Servs., Inc. v. Tisdale Co., 56 S.W.3d 842, 845 (Tex. App.CTexarkana 2001, no pet.).





[5]           The
parties do not dispute that Lee is a third party beneficiary of the agreement
to the extent it provides for payment of her graduate school expenses.





[6]           Although
neither side has presented authority on the issue, we also question the use of
trial testimony as the means to create (rather than prove the existence
of) facts necessary to give a party standing to assert a claim.





[7]           Restatement (second) of Contracts ' 305 cmt. a (1981); see Crane County v.
Bates, 126 Tex. 470, 476, 90 S.W.2d 243, 245-46 (1936); Stegall v.
Stegall, 571 S.W.2d 564, 566 (Tex. Civ. App.C Fort
Worth 1978, no writ).





[8]           See
Boon Ins. Agency, Inc. v. American Airlines, Inc., 17 S.W.3d 52, 58 (Tex.
App.CAustin  2000,
pet. denied), cert. denied, 121 S. Ct. 858 (2001); East Texas Med.
Ctr. v. Anderson, 991 S.W.2d 55, 62 (Tex. App.CTyler 1998, pet. denied); Ryan v. Superior Oil Co.,
813 S.W.2d 594, 596 (Tex. App.CHouston [14th Dist.] 1991, writ denied).  Thus, a promisee of a promise made for the
benefit of a beneficiary, who has herself (the promisee) suffered damages from
the breach of the promise, such as with a promise to pay the promisee=s debt to the beneficiary, is entitled to recover
those damages.  Restatement (second) of Contracts ' 305 cmt. a, illus. 2, 3.





[9]           Delaney
contends she has been damaged in that, in exchange for Davis=s promise to pay the graduate school expenses, she
gave bargained-for concessions in the divorce as to the property division,
child support obligations, or otherwise. 
However, for any such concessions that Delaney gave, she received in
return a legally enforceable obligation from Davis.  The fact that the law allows only a person
who has suffered an economic loss from a failure to comply with that obligation
to be awarded damages for that failure does not diminish the obligation Delaney
obtained from Davis or otherwise cause her to have suffered damage by the
concessions she made to obtain the obligation in the first place.





[10]          Restatement (second) of Contracts  ' 305
cmt. a.





[11]          Id.
' 307 cmt. b.





[12]          Id.
' 305 cmt. a.





[13]          Because
Delaney=s third issue also pertains to her fourth issue, we
rule on both in the following section.





[14]          Among
third party beneficiaries, a Adonee beneficiary@ is one
to whom the promised performance will come as a pure donation, whereas a Acreditor beneficiary@ is one
to whom the promised performance will come in satisfaction of a legal duty owed
to the beneficiary by the promisee, such as with a promise to pay the promisee=s debt to the beneficiary.  See MCI Telecomms. Corp. v. Texas
Utils. Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999).  A breach of the promisor=s promise will typically result in damage to the promisee
in the case of a creditor beneficiary, where the promisee=s legal duty to the beneficiary is not discharged, but
not in the case of a donee beneficiary, where the promisee has no duty to the
beneficiary.





[15]          However,
Delaney=s second proposed decree contained the following language:
AIT IS ORDERED AND DECREED that [Delaney] shall apply
$27,720.00 of the judgment when received to the room and board expenses, past
and future, paid or to be paid by [Lee].@





[16]          See
Tex. R. Civ. P. 47 (relief in the
alternative or of several different types may be demanded); id. 48 (a
party may state as many separate claims or defenses as he has regardless of
consistency and whether based upon legal or equitable grounds or both).





[17]          Senior
Justice Don Wittig sitting by assignment.