### No. 5714.

CLARK & CLARK *v.* G. W. GILLESPIE ET AL.

1. MECHANIC'S LIEN.—Under the law as it existed in 1884, a sub contractor or material man could only stop the payment of whatever money due or to become due upon a building contract which might remain under the control of the owner of the house; and the statutory notice only stopped payment of such balance, and the proceedings affected the property only so far as was requisite to secure payment of the fund affected by the notice.

2. SAME—NOTICE.—Verbal notice to the owner of a house that the contractor who constructed it had verbally transferred to a material man an amount of the contract price sufficient to meet such claims, withdrew that amount, if due, from the further control of the owner of the house.

3. CASE FOLLOWED.—Harris v. Campbell, 68 Texas, 27, which holds that an assignment of part of a chose in action, for a valuable consideration, is good in equity; that it may be made by a direct transfer, or by order drawn on the particular fund, and that such assignee has not only a lien on the fund, but a property in it which he may enforce by suit, followed.

APPEAL from Tarrant. Tried below before the Hon. A. J. Booty.

*Ball & McCart,* for the appellant: Cited Spann v. Cochran & Ewing, 63 Texas, 240; Schermerhorn v. Vanderheydens, 3 American Decisions, 304, and cases cited in note; Barker v. Bucklin, 43 American Decisions, see note thereto; Marigny v. Remy, 3 Martin, N. S., 607; Hendricks v. Lindsay, 93 United States (3 Otto), 143; 3 Pomeroy's Equity Jurisprudence, section 1280; 1 Idem, section 169; Phillips on Mechanics' Liens, 430; Copeland v. Martin, 22 Ohio, 398; Superintendent of Public Schools v. Heath 2 (McC.) New Jersey, chapter 22.

*Hunter & Stewart,* for appellee: The verbal transfer from Brownlee to Clark & Clark of a portion of the debt due him from Smith & Jarvis, without their consent, did not amount to an equitable assignment pro tanto of the debt due, and had Brownlee given Clark & Clark a written order on Smith & Jarvis for the amount of their claim, then it would not have had

the effect to assign so much of the debt called for in the order until accepted by Smith and Jarvis. (Cleveland v. Bloomsbury National Bank, 50 Am. Rep., 417; Dickinson v. Coates, 49 Am. Rep., 228; Harrison v. Wright, 100 Ind., 516; Bank of Republic v. Millard, 10 Wall., 152; Colorado National Bank v. Baettcher, 4 Cal., 185; Bank v. Whitman, 94 U. S., 343; Thompson v. Riggs, 5 Wall., 663; Christmas v. Russell, 14 Wall., 69; Lunt v. Bank of North America, 49 Barb., 221; Chapman v. White, 6 N. Y., 412; Duncan v. Berlin, 60 N. Y., 151; Loyd v. McCaffrey, 46 Penn. State, 410; Cor v. National Security Bank, 107 Mass., 45; Moses v. Franklin Bank, 34 Md., 580; Rev. Stats., arts. 3176–3178.)

WALKER, ASSOCIATE JUSTICE. This is a contest between material men over a balance in the hands of Smith & Jarvis, for whom one Brownlee built a house. Gillespie brought suit January 29, 1885, to subject the balance to his debt, alleged to have been established December 17, 1884, against the funds remaining in the hands of the owners of the house.

March 9, 1885, Clark & Clark, who held an account for materials, etc., brought suit against Smith & Jarvis, and against Brownlee, principal, and Lake, Runtleman and Gillespie, sureties, on a bond to Smith & Jarvis with conditions protecting them in the fulfillment of the building contract, and for repayment of all money they might pay on account of labor done or materials furnished, and which the contractor might fail to pay, etc. Clark & Clark asked a decree postponing Gillespie to their claim. The two suits were consolidated. The findings of facts by the court are as follows (it appeared in the pleadings that the house had been completed according to contract):

"First, that the contract and bond mentioned in petition of Clark & Clark was executed as alleged by the parties.

"Second, that on or about the first of December, the defendant, A. Brownlee, requested the defendants, Smith & Jarvis, to pay to Clark & Clark the sum of one thousand and ten dollars, being amount then owing by said Brownlee to said Clark & Clark for material furnished said Brownlee, and used in construction of the building of defendants, Smith & Jarvis, and that at that time said Smith & Jarvis had in their hands the sum of five thousand dollars of the sum to be paid by them under their contract with said Brownlee. That at the time there was owing by said Brownlee, on account of said buildings, more

than the sum in the hands of Smith & Jarvis. That said Brownlee verbally transferred to said Clark & Clark that amount of the sum owing by Smith & Jarvis, and instructed said Clark & Clark to draw upon said Smith & Jarvis for that sum. That on the sixteenth of December, 1884, said Clark & Clark drew upon said Smith & Jarvis for said sum, and their draft was presented to Smith & Jarvis on the seventeenth of December, 1884, before the plaintiff, Gillespie, had served Smith & Jarvis with notice of his account, verified under the statute, and that Smith & Jarvis refused to accept the draft of Clark & Clark. That there was no written assignment by Brownlee of any claims to said fund to said Clark & Clark.

"Third, That on the seventeenth of December, 1884, the plaintiff, G. W. Gillespie, a dealer in lumber, held an account against defendant Brownlee for the sum of one thousand three hundred and fifty-eight dollars and sixty-seven cents for materials furnished in the construction of said buildings of Smith & Jarvis, and on said seventeenth day of December, 1884 (and after the presentation to Smith & Jarvis of the draft of Clark & Clark), presented to Smith & Jarvis an attested account, as provided in the statute, and thereby fixed the liability of said Smith & Jarvis for payment of the funds then in their hands, and that there was then unpaid by Smith & Jarvis on said contract the sum of one thousand one hundred and eighteen dollars and ninety cents, and that subsequently the plaintiffs, Clark & Clark, presented to Smith & Jarvis their account for material furnished said Brownlee, attested as required by the statute to fix the liability of said Smith & Jarvis upon the fund in their hands, and on the seventh day of January, 1885, obtained a judgment in the county court against defendant Brownlee for the sum of one thousand dollars.

"Fourth, that at the time Gillespie served said Smith & Jarvis with an attested account he had notice of the fact that said Brownlee was indebted to said Clark & Clark for material furnished for said buildings."

Under the mechanic's lien law as it existed at the time of these proceedings, the subcontractor or material men could only stop the payment of whatever money due or to become due upon the contract remained under control of the owner of the house.

The statutory notice and filing of the account only stopped payment of such balance. The proceedings did not affect the

property further than necessary to secure payment of funds held up by the notice.

The facts found by the court that the contractor had verbally transferred to said Clark & Clark that amount (their claim) of the sum owing by Smith & Jarvis, of which Brownlee, the contractor, had notice, it being a just debt, would have the effect of withdrawing that sum from the further control of Smith & Jarvis. In 68 Texas, 27, Harris County v. Campbell, in a well considered case, and upon a thorough review of the authorities, it is held that "the assignment of a part of a chose in action for a valuable consideration is good in equity, and that it may be made by a direct transfer, or by an order made upon the particular fund." Also that "such assignee of part of a debt acquires a right of action in equity against the debtor, and not only a lien upon the fund but a property in the fund itself." It was also held that such assignment and the rights of the assignee were not affected by subsequent proceedings under the mechanic's lien law. These principles are decisive of this case. There is no inhibition against such transfer by parol contract. (18 Texas, 452, Rallston v. Hope.)

The parol transfer by Brownlee to Clark & Clark, with notice to Smith & Jarvis, was valid as well against the owners of the house as against all subsequent liens fixed upon the property. The decree below should have been that Clark & Clark be satisfied out of the fund, the balance, if any, to be paid to Gillespie.

We have been cited to many cases holding that at law no action lies against a drawee without acceptance, and that an ordinary check does not operate as a transfer of the sum named in it or appropriate it before acceptance. In this case the fact of the transfer of the named part of the fund is ascertained by the finding of the court.

The views taken of the rights of Clark & Clark to priority in the funds renders it useless to pass upon the legal effect of the bond given by Brownlee and his sureties.

There is no statement of facts. We act upon the findings by the court. The judgment will be reversed and rendered in accordance with this opinion.

*Reversed and rendered.*