## NATIONAL BANK OF DENISON v. COLEMAN et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912. Rehearing Denied Dec. 21, 1912.)

1. HIGHWAYS (§ 113*)—CONSTRUCTION—CONTRACTORS—ASSIGNMENT—INSTRUMENTS.

A contractor for the construction of roads for a county, who executed an instrument directing the payment to a bank of moneys due, or to become due, under the contract, and directing the issuance of warrants direct to the bank until the assignment is canceled by notice from the bank, and declaring that the estimates and moneys due thereunder are assigned as collateral to an existing debt, or any debts that may be subsequently incurred, thereby assigned to the bank all the funds due him to the extent of the bank's claim, subject to any legal claim of the county.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–350, 355; Dec. Dig. § 113.*]

2. HIGHWAYS (§ 113*) — CONTRACTORS — ASSIGNMENT OF FUNDS DUE OR TO BECOME DUE—EFFECT.

A contract for the construction of roads for a county bound the contractor to pay materialmen and laborers and provided that, on his failure to do so, the county could retain from subsequent estimates and pay the materialmen and laborers such sums of money as might from time to time be due, and apply the percentage retained by the county out of the estimates to their payment. The contractor assigned to a bank the money due or to become due under the contract and directed the issuance of warrants direct to the bank. The commissioners' court permitted the assignment to be filed by the clerk and indorsed by the county auditor without objection or intimating that the court would exercise its option to pay the claims of materialmen and laborers. Held, that the county was estopped from exercising the option, and the bank was entitled to the funds due the contractor.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–350, 355; Dec. Dig. § 113.*]

3. HIGHWAYS (§ 113*)—CONSTRUCTION CONTRACTS—RIGHTS OF MATERIALMEN AND LABORERS.

Laborers and materialmen of a contractor under contract to construct a road could not compel performance of the stipulation that the contractor should pay the materialmen and laborers, and on his failure to do so the county could retain from subsequent estimates and pay the materialmen and laborers money due them from time to time, and could apply to the payment of such claims the percentages retained out of monthly estimates due the contractor; the county being under no obligation to them.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–350, 355; Dec. Dig. § 113.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. MECHANICS' LIENS (§ 13*)—PUBLIC WORK —RIGHT TO LIEN.**

The construction of roads is a public work, and laborers and materialmen have no lien for labor and material furnished.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 14, 15; Dec. Dig. § 13.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Suit by F. G. Coleman against the Commissioners' Court and County Auditor of Grayson County, in which the National Bank of Denison intervened, and the parties in interest were made parties to the suit. From an adverse judgment, the National Bank of Denison appeals. Reversed and rendered.

J. H. Wood, of Sherman, and Jas. P. Haven, of Denison, for appellant. Head, Smith, Hare & Head, McReynolds & Hay, and Abney & Hassell, all of Sherman, and J. T. Suggs, J. H. Randell, and Decker & Finley, all of Denison, for appellees.

RAINEY, C. J. In August, 1910, Grayson county entered into a contract with Dennis McNerney for the construction of certain roads for the building of which "Good Road District No. 1," in which Denison is situated, had voted bonds. Among the provisions of said contract, and there are many, the following only is pertinent to this controversy, viz.: "The contractor shall promptly pay all materialmen, laborers and other employés, and in the event of his failure at any time so to do, the county may retain from all subsequent estimates and pay over to said materialmen, laborers, and all other persons engaged upon the work, such sums of money as may from time to time be due to them, and receipts for moneys so paid shall be accepted by the contractor, as cash payment to himself by the county. * * * The percentages retained by the county out of monthly estimates due the contractor from the county may be used and applied by the county to the payment of subcontractors, materialmen, laborers, and all other persons employed upon the work or who may be entitled to liens against the property of the county as security for payment of their claims."

McNerney began the construction of said roads in accordance with his contract. On October 10, 1910, in order to finance same, he executed his note to the National Bank of Denison for $2,500, payable on demand, for money borrowed, and on same day, to secure the payment of his said note and other moneys that might be advanced by said bank, he executed to said bank a written assignment of all money that might be due him by said county on said contract. Said assignment is as follows:

"Denison, Texas, October 10th, 1910. Julian C. Feild, Esqr., Engineer, Road District No. 1, Denison, Tex.—Dear Sir: You are hereby authorized and directed to pay over to the National Bank of Denison, Texas, any and all moneys now due or to hereafter become due me as contractor for the construction of the roads in Road District No. 1, said estimates and moneys due thereunder being this day assigned to the said bank as collateral security to our existing indebtedness, or any indebtedness that may hereafter be incurred by me to the said bank, and you are further authorized and instructed to issue warrants direct to the said the National Bank of Denison, Denison, Texas, in payment of any and all of such estimates until this assignment is cancelled by written notice from said bank. Witness my hand this day and date above written. Executed in triplicate. Dennis McNerney.

"Witness: A. J. Wells. P. J. McNerney."

Said assignment was delivered to Julian C. Feild, who was at said time the civil engineer in the employ of the county for the supervision of the work. On the 11th of October, said Julian C. Feild presented said assignment to the commissioners' court of Grayson county, who were then assembled in session, all members of the same being present. The county judge and all members of the court read the assignment, asked Mr. Feild if the appellant was going to finance Mr. McNerney in the building of the roads, and, being answered in the affirmative, said assignment was handed to the county clerk who put his file mark thereon, and it was then presented to H. R. Wallace, the county auditor, and he indorsed thereon the following memorandum: "Order for Dennis McNerney money to be paid to the National Bank of Denison, Texas." Said assignment was then placed by the county auditor with the other papers relating to said road contract. At the time of the filing of the assignment, the commissioners' court, with the approval of the county auditor, had already issued a warrant to said Dennis McNerney for work done on said roads on an estimate of said engineer for September, 1910, in the sum of $705.92. This warrant was by said county auditor delivered to Mr. Feild after the filing of said assignment, and by Mr. Feild delivered to appellant, and the said amount was by appellant credited on the note then due it by Dennis McNerney on October 12, 1910. On October 25, 1910, Dennis McNerney executed to appellant another note in the sum of $2,500 of like terms and conditions as the one executed on October 10, 1910. The amounts received on said notes were by the said Dennis McNerney put on deposit to his credit in the appellant bank, and the same, together with $237 additional as an overdraft, were checked out by the said Dennis McNerney for labor and material on the roads prior to the time he abandoned the contract and left the state. On November 8, 1910, McNerney abandoned the contract and left the state largely indebted. On the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

14th of November, 1910, R. S. Legate, cashier of the appellant bank, appeared before the commissioners' court in open session, made oral demand of the commissioners' court for the payment of the funds due by Grayson county to Dennis McNerney to appellant by virtue of its assignment of the fund, and also on said date filed a written request with H. R. Wallace, auditor of the county, demanding payment of its indebtedness of the funds due Dennis McNerney by Grayson county by virtue of said assignment. About the 16th of November, 1910, McNerney came into Grayson county and met the members of the commissioners' court, and thereafter, on November 19, 1910, it entered the following order: "McNerney Labor Scrip. It is hereby ordered by the court that warrants be drawn out of Road District No. 1 fund to McNerney laborers, as furnished in name and amount by their engineer Wells." The clerk of the commissioners' court began the issuance of warrants by virtue of said order, and on November 21, 1910, F. G. Coleman, claiming the right to be paid out of said fund as a materialman, sued out and had served an injunction restraining the commissioners' court and the county auditor from paying out said funds until his claim could be adjudicated. On November 22, 1910, the commissioners' court entered an order countermanding the order entered on November 19, 1910, for the payment of the warrants to the laborers. The county filed its answer in the Coleman suit, claiming only to be a stakeholder of the fund, and asked the court to direct to whom it should be paid.

Appellant intervened in the suit, claiming its prior right to be paid out of the fund, and making all laborers and materialmen and other persons within its knowledge parties to the suit. All parties interested, as far as known, were before the court. The only issues submitted to the jury were those arising between the respective claims of the appellant bank and the laborers and materialmen. The court peremptorily instructed the jury to find for the laborers as against the appellant bank and the materialmen, and submitted the issue between the appellant bank and materialmen, in substance, that, if the commissioners' court accepted the assignment executed by McNerney to the bank, the appellant's debt should have priority over the materialmen, but otherwise that the materialmen should be paid in preference to appellant. The jury found in behalf of the materialmen. The county having answered that it was only a stakeholder of the fund and making no claim of right to pay the fund in settlement of the claims of laborers and materialmen, the controlling question for our decision is, Was the appellant's right to have its indebtedness paid out of the fund inferior to that of the laborers and materialmen?

[1] The instrument executed by McNerney to appellant bank constituted an assignment of all the funds due him by the county for constructing the road to the extent of the bank's claim, subject, of course, to any legal claim the county might have. Harris Co. v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Clark v. Gillespie, 70 Tex. 513, 8 S. W. 121; McBride v. Am. R. & L. Co., 127 S. W. 233; Beilharz v. Illingsworth, 132 S. W. 106; Lumber Co. v. Smith, recent opinion by this court, yet unpublished.

[2] By the terms of the contract made between the county and McNerney, the county had the right to pay off and discharge the claims of laborers and materialmen had it seen proper to exercise its option so to do. But it failed to exercise this option until after it was notified of the assignment of the fund to the bank. The commissioners' court in open session, all members being present when said assignment was presented, permitted it to be filed by the clerk and indorsed by the county auditor, as heretofore stated. There was no objection made at that time to the assignment, nor any intimation from any member of the court that it would exercise its option under the contract to pay the claims of the laborers and materialmen. Under these circumstances, we think the county is estopped from claiming said option, even if it were attempting in this suit to exercise it.

[3] It is not claiming such a right, but the claim, as we understand it, is made by the laborers and materialmen that they have the right, under said provision of the contract, to enforce said contract in their behalf. They were not parties to the contract between McNerney and the county. Under it they had no right of action to compel its performance to protect their interest for labor performed and material furnished. The county, by the terms of the contract, was under no obligation to them.

[4] The construction of the roads was public work, and they had no lien for their labor and material furnished (Atascosa Co. v. Angus, 83 Tex. 202, 18 S. W. 563, 29 Am. St. Rep. 637; City of Dallas v. Loonie, 83 Tex. 291, 18 S. W. 726), and no way is prescribed by law to fix any liability on the county for the payment of their claims, nor was any attempted.

Many assignments of error and cross-assignments are presented, but, under our view of the case, they do not affect the right of appellant to recover, as shown by the evidence, and the judgment as to it will be reversed and here rendered for it, and after the payment of its claim, if there remains any of the funds, it will be apportioned to the other claimants according to priority of their claims as fixed by the judgment of the lower court.