ADKINS SERVICES, INC., As Assignee
of Fairmech Industries, Appellant,

v.

TISDALE COMPANY, INC. and Lloyd
Tisdale, Individually, Appellees.

No. 06–00–00096–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 30, 2001.

Decided Aug. 31, 2001.

Ashwani Kumar, CEO, Adkins Services, Inc., Houston, Pro Se.

Darlene A. Tisdale, Conroe, James R. Cornelius, Jr., Tisdale & Associates, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Adkins Services, Inc. appeals from a judgment notwithstanding the verdict in its suit against Tisdale Company, Inc. and Lloyd Tisdale to collect for services rendered. Adkins contends that the trial court erred by granting "death penalty" sanctions against it, that the court erred by refusing to admit evidence that Fairmech Industries had orally assigned its claim against Tisdale to Adkins, and that the jury's award of only $20,000.00 in damages is against the great weight and preponderance of the evidence.

Adkins sued Tisdale, alleging that Tisdale had failed to pay a debt it owed to Fairmech Industries and that Fairmech had assigned its claim to Adkins. Fairmech is a foreign corporation that provided unskilled and semi-skilled workers for Tisdale's overseas operations. Tisdale is a specialty air conditioning and heating service that provides special applications systems. In this instance, the job was in connection with building offshore drilling platforms for Hyundai or Daewoo. Adkins first complains that the trial court effectively entered death penalty sanctions against it by refusing to permit it to introduce evidence about Fairmech's oral assignment to Adkins of its cause of action against Tisdale. Adkins intended to prove the assignment by testimony from Ramesh Kapur. Kapur was a former employee of Tisdale, who was described as a project manager working with Fairmech on the project at issue. Kapur testified on a bill of exceptions that a representative of Fairmech assigned him the right to receive payment of its invoices sent to Tisdale and assigned to Adkins the right to pursue a lawsuit in order to recover on those invoices. The only other witness called by Adkins was one of the officers of Tisdale Company, Lloyd Tisdale. No representative of Fairmech appeared at trial.

The trial court's refusal to admit evidence of the oral assignment was a discovery abuse sanction. Tisdale had served both interrogatories and requests for admissions on Adkins. Adkins failed to respond in any way. Adkins explained its failure to respond by pointing out that because Fairmech Industries was located in India, it was difficult to consult with Fairmech's representatives concerning the answers to the interrogatories in the time allowed. The trial court recognized that the failure to answer the interrogatories was not due to bad faith or contumaciousness, but to a lack of communication. Tisdale points out, however, that Adkins failed for eleven months to answer the

interrogatories and also never asked for an extension of time to answer them.

Tex.R. Civ. P. 215.1 reads as follows:

A party, upon reasonable notice to other parties and all other persons affected thereby, may apply for sanctions or an order compelling discovery....

....

(b)(3) if a party fails:

(A) to serve answers or objections to interrogatories submitted under Rule 197, after proper service of the interrogatories; or

(B) to answer an interrogatory submitted under Rule 197;

....

(D) ... the discovering party may move for an order compelling a designation, an appearance, an answer or answers, or inspection or production in accordance with the request, or apply to the court in which the action is pending for the imposition of any sanction authorized by Rule 215.2(b) without the necessity of first having obtained a court order compelling such discovery.

The rule is not restricted to orders compelling discovery, but authorizes orders for sanctions as well. The rule also provides that the sanctions may include any of those authorized by Tex.R. Civ. P. 215.2(b), which provides as follows:

(b) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rules 199.2(b)(1) or 200.1(b) to testify on behalf of a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, including an order made under Rules 204 or 215.1, the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

(1) an order disallowing any further discovery of any kind or of a particular kind by the disobedient party;

(2) an order charging all or any portion of the expenses of discovery or taxable court costs or both against the disobedient party or the attorney advising him;

(3) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;....

Tex.R. Civ. P. 215.2(b).

In applying the predecessors to these rules, appellate courts have uniformly held that Rule 215.1 means what it says: that a party may pursue sanctions instead of filing a motion to compel. *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex. 1990); *Estate of Riggins,* 937 S.W.2d 11, 17–18 (Tex.App.—Amarillo 1996, writ denied); *Hamill v. Level,* 900 S.W.2d 457, 461 (Tex.App.—Fort Worth 1995), *rev'd on other grounds,* 917 S.W.2d 15 (Tex.1996).

■ Adkins relies on *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex. 1993), in arguing that by failing to complain and seek an order to respond to the discovery, Tisdale waived its right to ask for sanctions. That argument, however, misconstrues the *Remington* case. In that case, Caldwell waited until the trial was over to seek an order for sanctions pursuant to a pre-existing dispute about the proper range of discovery. The trial court granted a mistrial, and then granted sanctions and a default judgment in favor of Caldwell. The appellate court held that a failure to obtain a pretrial ruling on discov-

ery disputes existing before the commencement of trial constitutes a waiver of any claim for post-trial sanctions based on the same conduct.[1]

Tisdale sought sanctions before trial, and after a hearing the trial court sanctioned Adkins by refusing to admit evidence that should have been provided through discovery. Tisdale's request here was timely. Adkins' contention that Tisdale waived any complaint by not seeking a motion to compel answers is without merit.

■ Adkins also contends that the court's exclusion of evidence about the assignment constitutes a death penalty sanction and that the trial court should have tried to secure enforcement of its discovery orders by lesser sanctions before taking the drastic measure of disallowing testimony about the assignment.

■ Any sanction that adjudicates a claim and precludes the presentation of the merits of the case constitutes a death penalty sanction. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 845 (Tex.1992); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex.1991). Although death penalty sanctions generally consist of striking pleadings or rendering default judgments, any sanction that is case determinative may constitute a death penalty sanction. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993). Cases finding that sanctions equaled death penalty sanctions include: *Eason v. Eason*, 860 S.W.2d 187 (Tex. App.—Houston [14th Dist.] 1993, no writ) (preventing mother from testifying in child custody case); and *Smith v. Nguyen*, 855 S.W.2d 263 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (striking of testimony of expert witness which was essen-

tial to plaintiff's presentation of merits of case).

■ Whether the imposition of a sanction is proper is measured by two standards: there must be a direct relationship between the offensive conduct and the sanction imposed, and the sanction must not be excessive. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d at 917.

In this case, there is a direct relationship between the conduct and the sanction. Adkins failed to provide information to the defendant, and as a consequence it was not allowed to use that information at trial. The relationship is apparent. The trial court did not refuse to allow the admission of all evidence, nor did it strike pleadings or render a default judgment. Rather, it limited its action to affect the single complained of issue. This is not an excessive response to Adkins' failure.

■ There are two other criteria that must be met, however, if the sanction is a death penalty sanction. The trial court should first impose lesser sanctions to test their effectiveness in securing compliance, and the sanctioned conduct must justify a presumption that the party's claim or defense lacks merit. *In re Dynamic Health, Inc.*, 32 S.W.3d 876, 882 (Tex.App.—Texarkana 2000, pet. ref'd); *Chrysler Corp. v. Blackmon*, 841 S.W.2d at 849–50.

■ Debts, choses in action, and other contract rights may be assigned by parol unless the contract giving rise to the claim, or some statute pertaining to the claim, requires a written transfer. *Clark v. Gillespie*, 70 Tex. 513, 8 S.W. 121 (1888); *Rollison v. Hope*, 18 Tex. 446 (1857); *Villiers v. Republic Fin. Servs., Inc.*, 602 S.W.2d 566, 569 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). Further, oral testi-

---

1. A similar procedural situation is described in *Smith v. O'Neal*, 850 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1993, no writ), where a dispute existed about the sufficiency of information supplied by an expert witness that was not pursued to completion.

mony proving the fact of the assignment, as contrasted with its contents, is admissible even if the assignment is written, if it is shown that the witness has personal knowledge that the claim had been assigned. *Villiers v. Republic Fin. Servs., Inc.,* 602 S.W.2d at 569; *Gen. Office Serv. Co. v. Letbetter,* 221 S.W.2d 932 (Tex.Civ. App.—Eastland 1949, no writ). Only a few remnants of the rule against the alienability of choses in action have survived, and in Texas, the merger of law and equity allows assigned rights to be fully enforced. *State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 707 (Tex.1996);[2] *see* 7 Tex. Jur. 3d *Assignments* § § 1–3 (1997).

Adkins was allowed to introduce evidence in support of its allegations that Tisdale failed to pay the Fairmech invoices, but it was not allowed to present evidence to prove that Fairmech's cause of action had been assigned to it. In the absence of any evidence that Fairmech had assigned its rights against Tisdale to Adkins, Adkins remained a stranger to any transaction between Fairmech and Tisdale, and it could not establish that it had a right to sue to collect the debt. When the trial court refused to permit the introduction of any evidence showing that it had such a right, Adkins was necessarily unable to prevail. Thus, the sanction had the effect of defeating Adkins' lawsuit. It was case determinative and therefore amounted to a death penalty sanction.

The remaining question we must answer is whether the trial court first tried to use lesser sanctions. It did not. Accordingly, the trial court erred by refusing to admit evidence of the assignment.

Tisdale has filed three cross-points. In view of our dispositions of Adkins' points, cross points one and two are moot. Cross-point three has been disposed of by our ruling that the trial court should not have excluded evidence of Adkins' assignments from Fairmech.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

---

**2.** The Court recognized that the Legislature provided statutory authority for the assignment of written instruments, Tex. Civ. Prac. & Rem.Code Ann. § 5.001 (Vernon 1986), and that even contract rights not covered by the statute could be assigned. *State Farm Fire &* *Cas. Co. v. Gandy,* 925 S.W.2d 696, 707 (Tex. 1996); *Kelley v. Bluff Creek Oil Co.,* 158 Tex. 180, 309 S.W.2d 208, 212 (1958); *Citizens State Bank of Houston v. O'Leary,* 140 Tex. 345, 167 S.W.2d 719, 721 (1942).