Opinion Issued March 6, 2008














Opinion Issued March 6, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00230-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PHYLLIS LITCHENBURG AND JACK LITCHENBURG, Appellants

 

V.

 

CONMED CORPORATION (a/k/a CONMED LABS), Appellee

 

 



On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2005-34760

 








 



MEMORANDUM OPINION

          Phyllis and Jack Litchenburg brought a
product liability suit against ConMed Corporation for injuries Mrs. Litchenburg
suffered during surgery.  After striking
the Litchenburgs’ expert, the trial court granted ConMed’s no-evidence summary
judgment motion.  On appeal, the
Litchenburgs’ contend that the trial court erred by: (1) striking their expert
witness; (2) granting ConMed’s no-evidence summary judgment motion; (3)
excluding certain summary judgment evidence; and (4) awarding court costs to
ConMed.  We affirm.

Background

          In
November 2003, Phyllis Litchenburg underwent a bilateral breast reduction
surgery.  During a follow-up appointment
the day after the surgery, the doctor noticed a blister on Mrs. Litchenburg’s
back, approximately two and a half to three inches wide.  In early January 2004, Mrs. Litchenburg’s
surgeon cleaned and treated the wound, which had grown severe.  The doctor told the Litchenburgs that he
believed the wound was an electrical burn caused by a grounding pad, used
during her surgery.  By late March, the
wound had healed, but left a scar.  The
Litchenburgs contend that the burn was caused by an electrical defect in an
instrument that ConMed manufactured.

          In
May 2005, the Litchenburgs sued the doctor who performed the surgery and the
hospital, but voluntarily non-suited both after joining ConMed to the suit in
December 2005.  The trial court’s docket
control order required the Litchenburgs to disclose their experts by July 7,
2006.  On that day, the Litchenburgs
designated a professional engineer as their products liability expert, but did
not provide the expert’s opinion and materials, as required by Rule
194.2(f).  Tex. R. Civ. P. 194.2(f). 
ConMed moved to strike the Litchenburgs’ expert, contending that their
expert witness designation did not comply with the disclosure
requirements.  On September 14, 2006,
rather than striking the expert, the trial court granted the Litchenburgs
additional time to supplement their disclosure responses.  The court also required them to produce their
expert, Mr. Daken, for deposition within three weeks—trial having been set for
November 6th—and pay $1000 in attorney’s fees. 

          The
Litchenburgs supplemented their discovery responses and paid the sanction.  They did not, however, present Mr. Daken for
deposition within the trial court’s three-week deadline.  After inquiry from opposing counsel, the
Litchenburgs offered deposition dates in late October, past the court’s deadline.  ConMed then filed a second motion to strike
as a result of the Litchenburgs’ failure to comply with the court’s order.  On November 6, 2006, the date of the initial
trial setting, the trial court granted ConMed’s second motion and excluded
Daken as an expert witness.

          In
December 2006, ConMed moved for no-evidence summary judgment.  Subsequently, noting that the trial setting
had passed, the Litchenburgs moved to vacate the court’s November 6th order and
filed a response to the summary judgment motion.  ConMed objected to certain evidence that the
Litchenburgs included in their response, which the trial court sustained.  The trial court granted summary judgment on
February 23, 2007, and denied the Litchenburgs’ motion to vacate its order
striking their expert.  

Striking of Expert Witness

          In
their first issue, the Litchenburgs contend that the trial court erred in
striking their expert witness because the court’s discovery sanctions do not
survive the resetting of trial. 
Alternatively, they assert that the trial court erred in striking their
expert witness because the discovery sanctions amounted to a death penalty
sanction far greater than necessary to punish, without a direct nexus between
the offensive conduct and the sanctions imposed.

Resetting of trial

A party must designate experts by
furnishing the information requested under Rule 194.2(f) by the later of thirty
days after the request is served, or with regard to all experts testifying for
a party seeking affirmative relief, ninety days before the end of the discovery
period.  Tex. R. Civ. P.
195.2.  If a party fails to do so, then
that witness may not testify at trial without a showing of good cause or unfair
surprise.  Rule 193 provides:

(a) Exclusion of Evidence and
Exceptions. A party who fails to make, amend, or supplement a discovery
response in a timely manner may not introduce in evidence the material or
information that was not timely disclosed, or offer the testimony of a witness (other
than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure
to timely make, amend, or supplement the discovery response; or

(2) the failure to
timely make, amend, or supplement the discovery response will not unfairly
surprise or unfairly prejudice the other parties.

 

Tex.
R. Civ. P. 193.6.  

Generally, however, a trial resetting
has the effect of nullifying a discovery deadline set by a docket control order
if the trial is reset to a date more than thirty days from the initial trial date.  Daniels
v. Yancey, 175 S.W.3d 889, 893 (Tex.
App.—Texarkana 2005, no pet.); see Coastal Mart, Inc. v. Hernandez, 76
S.W.3d 691, 699 (Tex.
App.—Corpus Christi 2002, pet. dism’d. by agr.) (noting that when trial setting
is rescheduled, party may supplement answers to discovery).  Here, the Litchenburgs contend that the trial
reset invalidated the trial court’s order striking their expert.  We disagree. The trial court’s discovery
sanction was not based on the automatic exclusion under Rule 193.6; rather, the
court imposed it when the Litchenburgs failed to present their expert witness
for deposition as the trial judge had ordered. 
A sanction for failing to comply with a trial court’s discovery order is
one authorized by Rule 215 of the Texas Rules of Civil Procedure.  Rule 215 provides: 

If a party . . . fails to obey an order to provide or
permit discovery . . . the court in which the action is pending may, after
notice and hearing, make such orders in regard to the failure as are just, and
among the others the following: (4) an order refusing to allow the disobedient
party to support or oppose designated claims or defenses, or prohibiting him
from introducing designated matters into evidence.

 

Tex.
R. Civ. P. 215.2(b).  A sanction under Rule 215 may survive a trial
reset.  See H.B. Zachry Co. v. Gonzalez, 847 S.W.2d 246, 246 (Tex.
1993) (under former rule 215(5), for automatic exclusion to remain beyond
previous trial date, trial court’s order must have been based on “some other sanctionable
conduct” of party); J.G. v. Murray, 915 S.W.2d 548, 550 (Tex.
App.—Corpus Christi 1995, no pet.). 
Here, the trial court struck the Litchenburgs’ expert for their
violation of the court’s order.  The
exclusion was not based on Rule 193.6, but instead on a failure to comply with
the trial court’s order; thus, the exclusion may survive a trial reset.  See Tex. R. Civ. P. 215.2(b).

Excessive Sanction

          In
their second issue, the Litchenburgs contend that the trial court erred in striking
their expert witness because the discovery sanction amounted to a death penalty
sanction, and no direct nexus exists between the offensive conduct and the
sanctions imposed.  

A trial court’s ruling on a motion
for sanctions is reviewed under an abuse of discretion standard.  Cire v.
Cummings, 134 S.W.3d 835, 838 (Tex. 2004).  The test for an abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court’s action, but “whether the court acted
without reference to any guiding rules and principles.”  Id. at 839 (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985)).  The choice of discovery sanctions is within
the discretion of the trial court.  TransAm. Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991).  The trial court’s ruling “should
be reversed only if it was arbitrary or unreasonable.”  Cire,
134 S.W.3d at 839.  

          A
trial court may sanction a party for failure to comply with discovery requests
or orders.  See Tex. R. Civ. P. 215.3; In re Carnival Corp., 193 S.W.3d 229, 234 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d n.r.e.).  Such sanctions include an order striking
pleadings, dismissing the action, or rendering a default judgment, among other
sanctions authorized by Texas Rule of Civil Procedure 215.2(b)(1)–(5), and (8).  See Tex. R. Civ. P. 215.2(b). 
Sanctions are used “to assure compliance with discovery and to deter
those who might be tempted to abuse discovery in the absence of a deterrent.”  Cire,
134 S.W.3d at 839.  However, a trial
court may not impose sanctions that are more severe than necessary to satisfy
legitimate purposes.  Id.  

Texas Rule of Civil Procedure 215
requires that sanctions be “just.”  Tex. R. Civ. P. 215.2(b).  In evaluating whether sanctions are just,
we consider (1) whether a direct relationship exists between the offensive
conduct and the sanction imposed, and (2) whether the sanctions ordered are
excessive to punish the improper conduct. 
TransAm. Natural Gas Corp.,
811 S.W.2d at 917.  Sanctions that are so
severe that they preclude presentation of the merits of the case should not be
assessed absent a party’s flagrant bad faith or counsel’s callous disregard for
the responsibilities of discovery under the rules.  Id. at 918. 
When a trial court strikes pleadings, dismisses an action, or renders a
default judgment for abuse of the discovery process, the court “adjudicates
claims without regard to their merits but based instead upon the conduct of
discovery.”  Id.  

          Under
the first TransAmerican prong, a
direct relationship between the offensive conduct and the sanction imposed
exists when a just sanction is directed against the abuse and toward remedying
the prejudice caused to the party harmed by the conduct.  Id. at 917.  In the present case, the sanctionable conduct
was the Litchenburgs’ failure to present their expert on product liability,
Richard Daken, for deposition within the time period allotted by the trial
court in its September 14 order.  In
striking their expert witness, the trial court excluded the evidence the expert
would have provided.  A direct
relationship exists between the violation and the sanctions imposed.  See
Adkins Servs., Inc. v. Tisdale Co., Inc., 56 S.W.3d 842, 845 (Tex. App.—Texarkana 2001, no pet.) (holding there
was direct relationship between sanction and conduct when trial court
prohibited party from using evidence from witness when party failed to provide
information about witness to other party); Cf.
In re Carnival Corp., 193 S.W.3d at
235 (noting that the trial court’s imposition of death penalty sanctions
because of failure to present two witnesses for deposition did not have direct
relationship with the violation when the trial court never issued an order
compelling Carnival to produce the witnesses for deposition).

Under the second prong of TransAmerican, in determining whether
the sanctions ordered were excessive to punish the improper conduct, we must consider
the availability of less stringent sanctions and whether such lesser sanctions
would fully promote compliance.  TransAmerican, 811 S.W.2d at 917.  In all cases, the record must reflect that
the trial court considered the availability of appropriate lesser sanctions and
must contain an explanation of the appropriateness of the sanctions
imposed.  In re Carnival Corp., 193 S.W.3d at 237. 

In the present case, when counsel
initially failed to timely provide the information on the expert, the court
gave the Litchenburgs a chance to supplement their responses to discovery
instead of striking the expert. 
Additionally, the court ordered the Litchenburgs to produce their expert
for deposition within the three-week time period and imposed a sanction of
$1,000.  The three-week time period was
not an abuse of discretion given the approaching trial setting.  The trial court imposed less stringent
sanctions before striking the witness, but the Litchenburgs did not comply with
the trial court’s first order. 
Accordingly, we hold that the trial court did not abuse its discretion
in striking the expert.

No-Evidence Summary Judgment

The Litchenburgs contend the trial
court erred in granting summary judgment on the product liability claims they
brought against ConMed.  Specifically,
the Litchenburgs allege that there is circumstantial evidence of a
manufacturing or design defect sufficient to raise a fact issue.  In addition, the Litchenburgs contend that
the trial court abused its discretion in excluding certain summary judgment
evidence.  

Standard of Review

In a Rule 166a(i)
no-evidence summary judgment, the movant represents that no evidence exists as
to one or more essential elements of the non-movant’s claims, upon which the
non-movant would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  The
non-movant then must present evidence raising a genuine issue of material fact
on the challenged elements.  Id.  A
no-evidence summary judgment is essentially a pre-trial directed verdict.  Bendigo v. City of Houston,
178 S.W.3d 112, 113–14 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  A fact issue exists if the evidence “rises to
a level that would enable reasonable and fair-minded people to differ in their
conclusions.”  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). 
If the evidence does no more than create a mere surmise or suspicion of
fact, less than a scintilla of evidence exists. 
Transp. Ins. Co. v. Faircloth,
898 S.W.2d 269, 282 (Tex. 1995); Macias v. Fiesta Mart, Inc., 988 S.W.2d
316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  To defeat a no-evidence motion for summary
judgment, the respondent is not required to marshal its proof; its response
need only point out evidence that raises a fact issue on the challenged
elements.  Tex. R. Civ. P. 166a(i) cmt.  When, as here, the trial court’s summary judgment does not
specify the ground or grounds on which the court relied for its ruling, we
should affirm the summary judgment if any theory advanced by the movant has
merit.  See Weiner v. Wasson, 900 S.W.2d 316, 317 n.2 (Tex. 1995).

We note that, with respect to the
excluded evidence, in addition to showing an abuse of discretion, the complaining
party must also show that the trial
court’s error in excluding the evidence was reasonably calculated to cause, and probably did cause, the rendition
of an improper judgment.  City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); see
also Tex. R. App. P.
44.1(a)(1); McCraw v. Maris, 828 S.W.2d 756, 757 (Tex.
1992); Centurion Planning Corp. v. Seabrook Venture II, 176 S.W.3d 498, 510 (Tex. App.—Houston
[1st Dist.] 2004, no pet.); Bayer Corp.
v. DX Terminals, Ltd., 214 S.W.3d 586, 609 (Tex. App.–Houston [14th Dist.] 2006,
pet. denied).  In our review of this
summary judgment, we consider all of the evidence the Litchenburgs presented to
determine if a fact issue exists on their product liability claims.  If the evidence, including the excluded evidence,
does not raise a fact issue, then any abuse of discretion in the trial court’s
exclusion of evidence is harmless.  See Tex.
R. App. P. 44.1(a)(1); Alvarado, 897 S.W.2d at 753; McCraw, 828 S.W.2d at 757.

Marketing Defect 

          On appeal, the Litchenburgs do not complain about the trial
court’s disposition of their marketing defect claim; thus, we affirm the trial
court’s summary judgment on that claim.  See Pat Baker Co. v. Wilson, 971 S.W.2d
447, 450 (Tex. 1998) (appellate court
cannot reverse trial court’s judgment absent properly assigned error).

Design Defect

In a design defect case,
the burden is on the claimant to prove that: (1) a safer alternative design
existed; and (2) the design defect was a producing cause of the personal injury
for which the claimant seeks recovery.  Tex. Civ. Prac. & Rem. Code Ann. §
82.005 (Vernon 2007).  “Safer alternative design” means:

a product design other than the one actually used that
in reasonable probability: (1) would have prevented or significantly reduced
the risk of the claimant’s personal injury . . . without substantially impairing
the product’s utility; and (2) was economically and technologically feasible at
the time the product left the control of the manufacturer or seller by the
application of existing or reasonably achievable scientific knowledge.

 

Id. § 82.005(b).

On appeal, the Litchenburgs do not
point to any evidence of a safer available design, nor do we find any evidence
in the record to raise a fact issue on the availability of a safer design.  Evidence that supports only one of the
required elements of a challenged claim is insufficient to defeat a no-evidence
summary judgment.  See Colson v. Grohman, 24 S.W.3d 414, 420 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (noting that a “no-evidence summary judgment must be affirmed if nonmovant does not provide more than
a scintilla of probative evidence to raise genuine issue of material fact on each
challenged element” of its claims). Accordingly, we affirm summary
judgment as to the Litchenburgs’ design defect claim.

Manufacturing Defect

          A
manufacturing defect exists when a product deviates, in its construction or
quality, from the specifications or planned output in a manner that renders it
unreasonably dangerous.  Ford
Motor Co. v. Ledesma, 242
S.W.3d 32, 41 n.16 (Tex. 2007); Torrington Co. v. Stutzman, 46 S.W.3d
829, 844 (Tex. 2000).  To defeat a no-evidence summary judgment, in
addition to producing evidence that a manufacturing defect deviated from its
specifications or planned output, the Litchenburgs are also required to produce
evidence sufficient to raise a fact issue that: (1) the product was defective
when it left the hands of the manufacturer; and (2) the defect was a producing
cause of the plaintiff’s injuries.  Ledesma, 242 S.W.3d at 41; Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  A producing cause is a cause that was “a
substantial factor in bringing about an injury, and without which the injury
would not have occurred.”  Ledesma, 242 S.W.3d at 42.  Both direct and
circumstantial evidence may be used to establish evidence of a manufacturing
defect.  Ridgeway, 135 S.W.3d at 601; see
Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797, 807 (Tex. 2006).

In its no-evidence motion, ConMed
asserted that the Litchenburgs had no evidence that a defect in the medical
equipment existed at the time it left the hands of the manufacturer. In
addition, ConMed argued the Litchenburgs had no evidence that the alleged
defect was a producing cause of Mrs. Litchenburg’s injuries. The Litchenburgs respond
that they produced sufficient circumstantial evidence to avoid summary judgment
through Mrs. Litchenburg’s deposition testimony explaining the circumstances
surrounding her injury, as well as through their expert’s excluded report.

          If
a plaintiff has no evidence of a specific defect in the manufacture of a
product, he may offer evidence of its malfunction as circumstantial proof of
the product’s defect. Gen. Motors Corp.
v. Hopkins, 548 S.W.2d 344, 349–50 (Tex.
1977), overruled in part on other grounds
by Turner v. Gen. Motors Corp., 584 S.W.2d 844, 847 (Tex. 1979), and Duncan
v. Cessna Aircraft Co., 665 S.W.2d 414, 428 (Tex. 1984); Walker v. Thomasson Lumber Co., 203
S.W.3d 470, 474 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  However, Texas
law does not generally recognize a product failure standing alone as proof of a
product defect.  Cooper Tire, 204 S.W.3d at 807 (quoting Ridgway, 135 S.W.3d at 602) (holding that “the inference of defect
may not be drawn . . . from the mere fact of a product–related accident.”).  For circumstantial evidence to support an
inference that the defect existed when it left the manufacturer, it must
provide a reasonable basis for concluding the defective condition did not arise
subsequent to the manufacturer’s exercise of control over the product.  Shaun
T. Mian Corp. v. Hewlett-Packard Co., 237 S.W.3d 851, 863 (Tex. App.—Dallas
2007, pet. granted); see Hopkins, 548 S.W.2d 349–50.  “The age and use of that product during the
time intervening between the purchase and malfunction will tend to support or
defeat the circumstantial weight of the malfunction as proof of original
defect.”  Hopkins, 548 S.W.2d at
350.

          Here,
no witness to the accident, other than Mrs. Litchenburg, testified about the
events causing her burn.  Mrs.
Litchenburg testified about her injury, but she was under anesthesia at the
time that it occurred, and thus was not in a position to explain its
cause.  Her doctor noted that it looked
like an electrical burn, but did not specifically identify in his notes what
instrument caused it.  The Litchenburgs’
products case rests on the opinion offered by their excluded expert.  That report, however, reveals that the expert
did not physically examine the instrument that allegedly caused Mrs.
Litchenburg’s injury, nor did he rule out the presence of other medical
equipment in the room that could have caused her injury.  Additionally, the record contains no evidence
as to the age of the product or its usage history, or the events that led to
its alleged failure on the date of the accident.   We conclude that, even with consideration of
the excluded evidence, the summary judgment record does not raise a fact issue
that the product was defective when it left the manufacturer.  See Cooper
Tire, 204 S.W.3d at 807 (noting that product could have been in use for
years and subjected to many adjustments and changes before its failure); Nissan
Motor Co. v. Armstrong, 145 S.W.3d 131, 137 (Tex. 2004) (“[A] specific
defect must be identified by competent evidence and other possible causes must
be ruled out.”).  We therefore affirm the
trial court’s summary judgment as to the Litchenburgs’ manufacturing defect
claim.

Additional Time for Discovery

Finally, the Litchenburgs contend
that the trial court should have granted them more time for discovery, because
the court struck their expert witness one month before ConMed filed its summary
judgment motion, which, they contend, did not leave them adequate time to find
a new expert.  

We review a trial court’s
determination that it has allowed an adequate time for discovery under an abuse
of discretion standard.  BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex.
2002).  A court may consider the following
nonexclusive factors when deciding whether a trial court abused its discretion
in denying a motion for continuance seeking additional time to conduct
discovery prior to summary judgment: “length of time the case has been on file,
materiality and purpose of the discovery sought, and due diligence to obtain
the discovery sought.” Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004); see Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569, 576 (Tex.
App.—Houston [1st Dist.] 2001, no
pet.).  

The Litchenburgs originally filed
suit in May 2005 and joined ConMed to the suit in December 2005.  The parties filed an agreed motion for a new
docket control order, entered by the trial court in March 2006, which set the
case for trial in November 2006.   The
court did not reach the case on its November docket, and ConMed moved for
summary judgment on December 6, 2006.  In
total, the case was on file more than eighteen months with one prior
reset.  In the record before us, the
Litchenburgs make no showing that they diligently sought discovery in the
eighteen months prior to the summary judgment motion.  They had not deposed any witnesses other than
Mrs. Litchenburg, nor presented any evidence in support of their claims, apart
from their expert’s opinion.  The trial
court struck the Litchenburgs’ expert due to their late supplementation,
followed by a failure to timely present him for deposition.  The record contains no evidence that ConMed
abused the discovery process.  We hold
that the trial court did not abuse its discretion in denying the Litchenburgs’
request for additional time for discovery before granting summary judgment.

Court Costs

          In
their final issue, the Litchenburgs assert that the trial court erred in awarding
court costs to ConMed because ConMed did not specifically request court costs
in its motion for summary judgment.

The decision to grant or
deny attorney’s fees and costs is within the trial court’s sound discretion and
will not be overturned on appeal except for an abuse of discretion.  Comm’rs Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Shaikh
v. Aerovias De Mexico, 127
S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  ConMed is the prevailing party, and thus, is
entitled to costs.  Tex. R. Civ. P. 131.  The trial court did not abuse its discretion
in awarding court costs to ConMed.

Conclusion 

          We
affirm the trial court’s order excluding the Litchenburgs’ expert witness for
failure to comply with the trial court’s prior order.  We further affirm the trial court’s judgment
and its award of court costs to ConMed.

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.