

IN THE
TENTH COURT OF APPEALS

No. 10-16-00003-CV

IN RE RAMSAY ALLEN RAMSEY

Original Proceeding

## MEMORANDUM  OPINION

In this original proceeding, Relator Ramsay Allen Ramsey seeks mandamus relief in the underlying divorce case in which Lezlie Suzanne Ramsey filed for divorce and Ramsay then filed a counterpetition.  The trial court sanctioned Ramsay over the manner of Ramsay's production of documents to his wife Lezlie Suzanne Ramsey.

In September 2014, Lezlie served her second request for production pertaining to the allegations in Ramsay's counterpetition.   After an extension, in December 2014, Ramsay served his response and objections, and while he did not produce any documents, he agreed to produce them "at a time and place mutually agreeable in advance by the parties."

At a September 10, 2015 hearing on one of Lezlie's motions for enforcement,

Ramsay's attorney stated that she had ten boxes of documents, but a formal supplemental response to the request for production had not been prepared, nor had the documents been organized. The trial court instructed ("what needs to happen") Ramsay's attorney to prepare a formal response and to produce the documents in accordance with Rule of Civil Procedure 196.3(c), which provides:

> (c) Organization. The responding party must either produce documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

TEX. R. CIV. P. 196.3(c).

When documents were not produced, Lezlie filed her first motion to compel and for sanctions, and at a November 23, 2015 hearing on that motion, the trial court ordered Ramsay to produce copies of all the documents by 5:00 p.m. the next day.[1] Six boxes of copied documents were delivered to Lezlie's attorney the next day. The documents were not categorized and had minimal labeling (highlighting of Lezlie's requests), and no formal response to the request for production was served.

On November 25, 2015, Lezlie filed her second motion to compel and for sanctions, complaining about the manner of Ramsay's document production. At the December 15, 2015 hearing on the second motion, the legal assistant for Lezlie's attorney testified that she had gone through all six boxes of documents and could not ascertain with any degree of certainty what documents were responsive to which requests.

---

[1] The trial court did not explicitly state who was to pay the copying expense.

The trial court granted the second motion for sanctions in a January 4, 2016 order, finding that Ramsay's document production was nonresponsive, evasive, and incomplete and that the documents were not organized as required by Rule 196.3(c).[2] The trial court sanctioned Ramsay as follows:

> IT IS ORDERED that Respondent not be allowed to support his affirmative claims made in his counter-petition or from introducing any evidence in support of those claims.

In his petition for writ of mandamus, Ramsay asserts in his first issue that the trial court abused its discretion by assessing the "death-penalty" sanction against him because Ramsay was not afforded procedural due process[3] and because the sanction is not just.

We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). Rule 215.2(b)(4) sets out the following discovery sanction: "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence." TEX. R. CIV. P. 215.2(b)(4); *see Cire,* 134 S.W.3d at 839-41.

Lezlie contends that the trial court's sanction is not a death-penalty sanction. We

---

[2] Ramsay's petition incorrectly claims that the trial court found that his documents "appeared as kept in the ordinary business." The trial court's order actually states: "There was no allegation made by Respondent's counsel at that hearing [the November 23 hearing] or at any other time during the pendency of the case that the materials were, as they now appear, appeared as kept in the ordinary business."

[3] Ramsay contends that, because he had objected to Lezlie's requests for production and Lezlie had not sought a hearing on his objections, he was not required to produce the documents and Lezlie waived her right to the discovery. While it is true that any party may request a hearing on discovery objections and that a party need not request a ruling on that party's own objections to preserve the objections, *see* TEX. R. CIV. P. 193.4(a, b), the record is clear that, irrespective of his objections, Ramsay was offering the boxes of documents for production. It is therefore irrelevant that Lezlie did not seek a hearing on Ramsay's objections, and we further disagree with Ramsay's claim that the trial court essentially overruled Ramsay's objections without a hearing.

disagree:

> Any sanction that adjudicates a claim and precludes the presentation of the merits of the case constitutes a "death penalty" sanction. *Adkins Servs., Inc. v. Tisdale Co.,* 56 S.W.3d 842, 845 (Tex. App.—Texarkana 2001, no pet.) (citing *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 845 (Tex. 1992); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex. 1991)).

*Davenport v. Scheble,* 201 S.W.3d 188, 193-94 (Tex. App.—Dallas 2006, pet. denied); *see also* O'CONNOR'S TEXAS RULES * CIVIL TRIALS 333 (2011) ("Death-penalty sanctions include dismissal, default judgment, excluding evidence, and jury instructions resolving fact issues in favor of one party."). The trial court's sanction is a de facto adjudication of Ramsay's claims in his counterpetition—it prohibits him from supporting his claims, and it prohibits him from introducing any evidence in support of those claims. *See In re Medtronic, Inc.,* No. 10-14-00077-CV, 2014 WL 2159555, at *3 (Tex. App.—Waco May 22, 2014, orig. proceeding) (mem. op.) (sanction prohibiting party from introducing expert evidence was death-penalty sanction); *Adkins Servs.,* 56 S.W.3d at 845 (impliedly holding that exclusion of evidence to support claim was death-penalty sanction).

> Rule 215 requires that any sanctions imposed be "just," and there are two components to measuring whether an imposition of sanctions is just. [*Cire,* 134 S.W.3d] at 839. "First, a direct relationship must exist between the offensive conduct and the sanction imposed, which "means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party." *Id.* (quoting *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1991)). Second, the sanctions must not be excessive. *Id.* "In other words, '[t]he punishment should fit the crime ... courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.'" *Id.* "[C]ase-determinative sanctions may only be imposed in 'exceptional cases' where they are 'clearly justified' and it is 'fully apparent that no lesser sanctions would promote compliance with the rules.'" *Id.* at 840-41 (quoting *GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 729-30 (Tex. 1993)); *see also Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex. 2003)

(requiring trial courts to "consider less stringent measures before settling on severe sanctions," but reiterating that death penalty sanctions may only be imposed in the first instance when the facts of the case are exceptional and such a sanction is "clearly justified").

*Lockhart v. McCurley,* No. 10-11-00073-CV, 2013 WL 1286659, at *5 (Tex. App.—Waco Mar. 28, 2013, no pet.) (mem. op.).

Generally, a trial court must use a lesser sanction first. *Chrysler,* 841 S.W.2d at 849-50; *Medtronic, Inc.,* 2014 WL 2159555, at *3; *Adkins Servs.,* 56 S.W.3d at 845-46; *see Cire,* 134 S.W.3d at 840-41.

> In all cases, the record must reflect that the trial court considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the sanction imposed. [*Cire,* 134 S.W.3d] at 842. The trial court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty sanction; rather, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Id.* at 840.

*Medtronic, Inc.,* 2014 WL 2159555, at *3.

We conclude that the trial court's death-penalty sanction constitutes an abuse of discretion because nothing in the record shows that the trial court attempted or even considered lesser sanctions before entry of the death-penalty sanction. *See id.* We sustain issue one.

In his second issue, Ramsay asserts that the trial court abused its discretion by requiring Ramsay to bear the cost ($4,617.85) of copying the documents that he produced to Lezlie.

> Unless otherwise ordered by the court for good cause, the expense of producing items will be borne by the responding party and the expense of inspecting, sampling, testing, photographing, and copying items produced will be borne by the requesting party.

TEX. R. CIV. P. 196.6.

Ramsay informally requested on the record that Lezlie be required to pay the copying expense, but as we noted above, the trial court did not explicitly state or rule that Ramsay was required to pay the copying expense. Absent a formal motion and an explicit trial court ruling on who is to bear the copying expense, we will not entertain Ramsay's request for mandamus relief on this issue.[4] Issue two is overruled.

We conclude that the trial court abused its discretion by imposing a death-penalty sanction, and we find that Ramsay does not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to vacate its January 4, 2016 order entitled "Order on Second Motion to Compel Discovery and for Sanctions." The writ will only issue if the trial court does not act in conformity with this opinion. We deny the remainder of the petition regarding the copying expense.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Scoggins dissents with a note.)*
Petition conditionally granted in part, denied in part
Opinion delivered and filed June 29, 2016
[OT06]

*(In determining whether to impose death penalty sanctions, the trial court is not limited to considering only the specific violation for which sanctions are finally imposed, but may consider everything that has occurred during the history of the litigation. *Buck*

---

[4] Furthermore, even if the trial court did order Ramsay to bear the copying expense, he makes no showing that mandamus relief would be proper—that he lacks an adequate remedy by appeal because the expense before final judgment threatens his continuation of the litigation. *See In re Ford Motor Co.,* 988 S.W.2d 714, 722-23 (Tex. 1998).

*v. Estate of Buck*, 291 S.W.3d 46, 55 (Tex. App.—Corpus Christi 2009, no pet.); *Allied Res. Corp. v. Mo-Vac Serv. Co.*, 871 S.W.2d 773, 775 (Tex. App.—Corpus Christi 1994, writ denied); *see Schmitt v. Bordelon*, 844 S.W.2d 273, 278 (Tex. App.—Fort Worth 1992, writ denied). In reviewing an order imposing sanctions, we must independently review the entire record and are not bound by the trial court's findings of fact and conclusions of law, if any. *Buck*, 291 S.W.3d at 56.

This divorce case is over three years old, and in fact one of the children is no longer a child and conservatorship is not even contested as to the remaining minor child. The record shows that the trial court considered the history of the litigation between Lezlie and Ramsay. The trial court held numerous hearings to enforce its temporary orders related to this proceeding and after the second of these hearings, held Ramsay in contempt for failing to comply with the court's temporary orders. I am unable to find that the trial court abused its discretion; and, therefore, I respectfully dissent.)

